HARRY BRINBERG, Appellant, *v.* THE OLIVER TYPEWRITER COMPANY, Respondent.

First Department, November 3, 1916.

Pleading — supplemental complaint — supplemental and amended complaint distinguished — costs.

Where, after the commencement of an action for personal injuries sustained by the plaintiff by the reason of the falling of a sign maintained by the defendant, a condition of nervousness and headache developed by reason of the injuries to the plaintiff's head, which prevented his attending to his business, and as a consequence thereof he was forced into bankruptcy, losing his capital and earnings in said business, he may plead such facts in a supplemental complaint as a foundation for consequential damages and to increase the amount of the judgment demanded.

A distinction between an amended and supplemental complaint is that in an amended complaint allegations of fact existing when the action was commenced may be incorporated, while a supplemental complaint is necessary when it is sought to allege material facts which occurred after

the former pleading was made.    Although the facts desired to be alleged may only have reference to the measure of damages, if the facts which afterward occur entitle the plaintiff to other or more extensive relief, he is entitled to a supplemental complaint.

Where, because of his bankruptcy a plaintiff delayed making a motion for a supplemental complaint until his case had been reached on the calendar, he should pay the costs to the date of the original motion.

APPEAL by the plaintiff, Harry Brinberg, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of September, 1916, denying his motion for leave to serve a supplemental complaint upon the ground that the proper remedy is to move to serve an amended complaint.

*Abraham Tulin,* for the appellant.

, for the respondent.

PAGE, J.:

The action was to recover damages for personal injuries sustained by reason of the falling of a sign maintained by the defendant on the outside of a building on Broadway.

The action was commenced within about three months from the date of the original injury.    A condition of nervousness and headache developed by reason of the injuries to the plaintiff's head which prevented his attending to his business, and as a consequence thereof he was forced into bankruptcy, losing his capital, which amounted to upwards of $35,000, and his earnings in said business, which had been for some years previous to the accident at the rate of $15,000 per year.    The plaintiff desires to set up these facts as a foundation for consequential damages and to increase the amount of the judgment demanded.    The defendant argues that as these injuries resulted from the accident, the facts would be properly set forth in an amended complaint; but the distinction between an amended and supplemental complaint is that in an amended complaint allegations of fact existing when the action was commenced may be incorporated.    A supplemental complaint is necessary when it is sought to allege material facts which occurred after his former pleading was made.    (See *Horowitz* v. *Goodman,* 112 App. Div. 13, 15, 16.)    Although the

facts desired to be alleged may only have reference to the measure of damages, if the facts which afterwards occurred entitle the plaintiff to other or more extensive relief he is entitled to a supplemental complaint.   (See *Latham* v. *Richards*, 15 Hun, 129, 131.)

In order to permit evidence to be received on the trial as to these subsequent happenings and the damages resulting therefrom, it is necessary that the facts which would entitle plaintiff to such relief should be alleged.   Therefore, the motion should have been granted.

Plaintiff went into bankruptcy in November, 1915.   He did not make this motion until September, 1916.   In the meantime the case has been reached on the calendar.   Because of this delay the motion for leave to serve a supplemental complaint should be granted upon the plaintiff paying costs to date of the original motion.

The order should, therefore, be reversed, with ten dollars costs and disbursements to the appellant, and the motion granted and the plaintiff allowed to serve his supplemental complaint within ten days upon payment to the defendant of the taxable costs to date of the original motion.

CLARKE, P. J., SCOTT, DOWLING and SMITH, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted on terms stated in order.