**164** NEUSS, HESSLEIN & CO., INC., *v.* NAT. A. & C. CO., INC.

Appellate Term, First Department, January, 1923. [Vol. 120

NEUSS, HESSLEIN & CO., INC., Respondent, *v.* NATIONAL ANILINE & CHEMICAL CO., INC., Appellant.

Supreme Court, Appellate Term, First Department, January, 1923.

**Practice — sales — action for damages against seller — seller may not have order bringing in as a party the one who sold him the goods.**

In an action for damages caused by the existence of impurities in beer coloring sold to plaintiff, defendant's motion made under section 193 of the Civil Practice Act, as amended in 1922, for an order bringing in as a party defendant the one who sold the coloring to defendant, was denied upon the ground that the action having been commenced prior to the time when the Civil Practice Act took effect, the provisions of said section were not applicable under section 1569 of said statute, for the reason that those sections are not remedial in character. *Held*, that the denial of the motion, while proper, was based on a wrong ground, and the motion should have been denied for the reason that defendant's claim, if any it may have against its seller arising out of plaintiff's claim, cannot be litigated in the present action.

Order denying defendant's motion affirmed.

APPEAL by defendant from an order of the City Court of the city of New York denying defendant's motion to bring in a third party as defendant.

*Cotton & Franklin* (*H. Bartow Farr*, of counsel), for appellant.

*Humes, Buck & Smith,* for plaintiff, respondent.

*Smith & Bowman* (*Harold H. Bowman*, of counsel), for respondent W. J. Bush & Co., Inc.

MULLAN, J. The action is by buyer against seller, for damages caused by the existence of impurities in beer coloring that was sold. The defendant moved for an order bringing in as a party the seller to it of the coloring, so that its possible claim against its seller, if defendant were found liable to the plaintiff, could be litigated in the same action. The motion was denied upon the ground that the action was commenced prior to the coming into effect of the Civil Practice Act, and that the provisions of section 193 of the Civil Practice Act, under which the motion was made, cannot be applied to it, under section 1569 of the Civil Practice Act, for the reason that those provisions are not remedial in character. We are of the opinion that the motion was properly denied, but that the denial was based upon a wrong ground. We entertain no doubt that the provisions of section 193 of the Civil Practice Act are remedial, and that they should be applied, in a proper case, to actions brought under the Code. We think, however, that the motion should have been denied for the reason that the

defendant's claim, if any it may have against its seller arising out of the plaintiff's claim against the defendant, cannot be litigated in this action. Section 193 of the Civil Practice Act, as amended by chapter 624, Laws of 1922, provides, among other things, that "Where one of the parties to an action claims that a person not a party thereto is or will be liable wholly or in part, for the claim made against him in the action, the court on application of such party must direct such person to be brought in," etc. This provision was quite obviously suggested by the English Practice Rule 48 of Order XVI, providing that "where a defendant claims to be entitled to contribution or indemnity over against any person not a party to the action," he may be brought in as a party. For English rule, and citations and instructive notes, see White, King & Stringer's Annual Practice for 1922, p. 278 *et seq.* We are not required to pass upon the question whether our provision should be construed as being broader in scope than its English precursor, as conceding the broader construction for the purposes of this motion, we are convinced that it was not intended that our provision should permit the trial in one action of two so largely unrelated claims. There were here two sales agreements, one between plaintiff and defendant, and the other between defendant and its seller. What may have been pure coloring when it came into defendant's hands, may have become impure coloring when it came into plaintiff's hands. The thing contracted for may have been different in one case from that in the other. The rights and duties of one buyer or seller may be vastly different from those of the other buyer or seller. All sorts of argument may be applicable to one of the contracts, and performance thereunder, and not to the other. The plaintiff is entitled, we think, to try out its case against the defendant upon a trial that is divorced from the incumbering and interweaving and confusing effects of another litigation in which it has not the slightest interest or concern. It would be unwise to attempt to formulate any general rule as to the scope of the provision in question and we content ourselves to say that we believe that this is not such a case as comes within the intended purview of what seems to us to be a very useful innovation.

Order affirmed, with disbursements to respondent.

BIJUR and McCOOK, JJ., concur.

Order affirmed.