JAMES A. FISHER, Respondent, *v.* GEORGE BULLOCK, as Receiver of the BUFFALO AND LAKE ERIE TRACTION COMPANY, Respondent, Impleaded with TOWN OF POMFRET, Defendant, and E. J. BAILEY, Appellant.

Fourth Department, March 7, 1923.

Pleadings — action against town and receiver of railroad for personal injuries at crossing — order bringing in contractor as defendant and directing service of " amended and supplemental complaint " and providing that plaintiff may move case for immediate trial as preferred cause after stated date is improper.

In an action against a town and the receiver of a railroad to recover for personal injuries suffered by the plaintiff in a collision between an automobile driven by him and a car operated by the receiver, an order made after a verdict had been directed in favor of the town and after the jury had disagreed as against the receiver, bringing in the contractor who was in charge of highway construction work at the place of the accident, is improper, where it directs the plaintiff to serve an " amended and supplemental complaint " joining and making said contractor a defendant in the action and provides that the case shall retain its preference on the Trial Term calendar, and that the plaintiff may move the case for immediate trial as a preferred cause upon or after the 2d day of January, 1923, against the defendants, including the contractor.

An " amended and supplemental " pleading is unknown in our practice. The order should be reversed and a new order entered omitting the words " amended and supplemental complaint " and directing the service of an amended complaint upon the receiver and the contractor and a supplemental summons upon the contractor, and the provision in the order that " the plaintiff may notice the above entitled case for trial for the January, 1923, term of this court or any subsequent term, but no sooner," should be omitted and the order to be entered should provide that said case shall " retain its place upon the preferred calendar and may be noticed for trial at any time after issue is joined."

APPEAL by the defendant, E. J. Bailey, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 17th day of November, 1922, granting the motion of the defendant Bullock to make the appellant a party defendant, and also from an order entered in said clerk's office on the 21st day of November, 1922, modifying the first mentioned order by directing that the action retain its preference on the trial calendar.

*William S. Stearns,* for the appellant.

*Hamilton Ward* [*Dana L. Spring* of counsel], for the plaintiff, respondent.

*Kenefick, Cooke, Mitchell & Bass* [*W. C. Warren, Jr.,* of counsel], for the respondent Bullock, as receiver.

CLARK, J.:

In this action a defendant is seeking to bring in another party as a defendant and to compel plaintiff to litigate with a party not originally made a party defendant. The plaintiff acquiesced in this practice and raises no question thereon. The action was brought against the defendant Bullock, as receiver of the Buffalo and Lake Erie Traction Company, and the town of Pomfret, and is to recover damages for personal injuries received by plaintiff in a collision between a car operated by defendant Bullock, as receiver, and an automobile driven by plaintiff. The accident occurred at a highway crossing of the said railroad in the town of Pomfret. At the time this accident occurred the highway was under repair and reconstruction by the defendant E. J. Bailey, contractor, he being the person who was made an additional defendant by one of the orders appealed from.

On the day of the accident plaintiff's automobile became stalled at said highway crossing and on the railroad tracks, owing to a defect in the highway, which it is claimed was located outside of the area the traction company and its receiver were obliged to maintain.

The action was brought on for trial at the Erie Trial Term in October, 1922, and resulted in a verdict being directed in favor of the defendant town on the ground that at the time of the accident it was not in charge of the construction work at the place where the accident occurred. The case was sent to the jury as against the defendant receiver, and the jury disagreed.

Subsequently, on application of defendant Bullock, as receiver, an order was made at the Erie Special Term, dated November 17, 1922, making the highway contractor, E. J. Bailey, a party defendant in the action and directing the plaintiff to serve an " amended and supplemental complaint," joining and making said E. J. Bailey a defendant in the action.

On the 21st day of November, 1922, an order was made and entered at the Erie Special Term on stipulation of the attorneys for plaintiff and defendant Bullock, as receiver, that the order of November seventeenth above referred to be modified and amended so that it would provide that the action should retain its preference on the Trial Term calendar of Erie county as a condition of granting the order of November seventeenth, and that plaintiff might move the case for immediate trial as a preferred cause upon or after the 2d day of January, 1923, against the defendants, including the additional defendant E. J. Bailey.

This order of November twenty-first, placing the case on the calendar as a preferred cause, was made without notice to or consent of the additional defendant Bailey, and he appeals.

The court has power in order to fully determine a controversy to direct that other parties be brought in on application of any party to the action.   (Civ. Prac. Act, § 193.)

Such additional party can be brought in, in the discretion of the court, in an action for damages for personal injuries.   (*Gittleman* v. *Fellman*, 191 N. Y. 205.)

The first order appealed from, granted November 17, 1922, directed that E. J. Bailey be made a party defendant, and that plaintiff be directed to serve " an amended and supplemental complaint " joining and making said Bailey a party defendant.

There is no such pleading as an " amended and supplemental complaint " recognized in our practice.   The distinction between an amended and supplemental complaint is important.   An amendment to a pleading has reference to facts existing at the time of the commencement of the action.   A supplemental pleading has reference to the inserting of allegations of material facts which occurred after the original pleading was served, or of which the pleader at that time had no knowledge.   (Civ. Prac. Act, § 245; *Brinberg* v. *Oliver Typewriter Co.*, 174 App. Div. 511.)

In the instant case the defendant Bullock, as receiver, in his effort to bring in an additional defendant, has attempted to compel plaintiff to serve an " amended and supplemental complaint " which would include facts which occurred both prior and subsequent to the time of the commencement of the action and service of the original complaint.   This may not be done for it would lead to uncertainty and confusion.   An amended and supplemental pleading is unknown in our practice.   (*Horowitz* v. *Goodman*, 112 App. Div. 13; *Luckey* v. *Mockridge*, Id. 199; *Jones* v. *Ramsey*, 133 id. 737.)

The orders should be reversed, without costs to either party, and a new order entered omitting the words " an amended and supplemental complaint " and directing the service of an amended complaint upon the defendant Bullock and E. J. Bailey and a supplemental summons upon E. J. Bailey (Civ. Prac. Act, § 219); that the provision in the order that " the plaintiff may notice the above entitled case for trial for the January, 1923, term of this court or any subsequent term, but no sooner " should be omitted and the order to be entered should provide that said case shall " retain its place upon the preferred calendar and may be noticed for trial at any time after issue is joined."   (2 Nichols Pr. p. 1662, § 1277.)

All concur.

Orders appealed from are reversed, without costs to either party, and a new order entered in accordance with the opinion herein; order to be settled before CLARK, J., on two days' notice.