CHARLES BESSEY, Respondent, *v.* UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION, Appellant.

Second Department, March 16, 1923.

**Motor vehicles — action against employer and employee — action against employee cannot be discontinued over objection of employer.**

The plaintiff in an action to recover for injuries suffered in a collision with an automobile, who makes both the owner of the automobile and an employee of the owner parties defendant, cannot have the action discontinued at the opening of the case as against the employee, over the objection of his codefendant, where said codefendant is sought to be held under the *respondeat superior* doctrine.

KELLY, P. J., dissents.

APPEAL by the defendant, United States Shipping Board Emergency Fleet Corporation, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 19th day of October, 1922, upon the verdict of a jury for $8,500, and also from an order entered in said clerk's office on the 23d day of October, 1922, denying defendant's motion for a new trial made upon the minutes.

*Stephen Barker* [*Ralph C. Greene, United States Attorney, John E. Walker* and *Henry M. Ward* with him on the brief], for the appellant.

*James A. Gray* [*Henry J. Bielman* and *William S. Butler* with him on the brief], for the respondent.

642   Bessey *v.* U. S. Shipping Board Emergency F. Corporation.

Second Department, March, 1923.   [Vol. 204

PER CURIAM:

The action was for personal injuries. The defendant's automobile, driven by its employee, one John F. Driscoll, collided with a one-horse ash cart, driven by plaintiff, causing personal injuries to the plaintiff, for which the suit was brought.

The action was instituted against the defendant and its said employee, Driscoll, jointly, the latter's negligent driving being charged as the cause of plaintiff's hurts. A trial was had against both employer and employee, resulting in a verdict in favor of the latter, but against the employer for $1,000 damages. The verdict was set aside as inconsistent, as had been held in other cases (*Pangburn* v. *Buick Motor Co.*, 211 N. Y. 228; *Frascone* v. *Louderback*, 153 App. Div. 199), and so this court held on an appeal taken by Driscoll, the employee, from the order setting aside the verdict in his favor (*Bessey* v. *Driscoll, No. 1*, 202 App. Div. 817). At the outset of this, the second trial, plaintiff's counsel moved to discontinue the action as against Driscoll. This motion was opposed by the defendant employer, but was granted. The question is, therefore, presented as to the correctness of the ruling discontinuing the action as against Driscoll, and is brought up upon appeal from the judgment recovered by plaintiff against the employer alone, and from the order denying the motion to set aside the verdict and for a new trial. We held in *Fedden* v. *Brooklyn Eastern District Terminal* (204 App. Div. 741, decided herewith), that a master, sued for his servant's negligence, had the right, on motion, to have the servant brought in as a codefendant, under section 193 of the Civil Practice Act. In this case the employee was made a codefendant by the plaintiff suing him and his employer jointly. Such employee having been made a party by the plaintiff, we think that he could not thereafter be stricken out as a party against the protest and over the objection of the codefendant, his employer, in a case where the latter is sought to be held under the *respondeat superior* doctrine, and that the ruling permitting the plaintiff to discontinue at the opening of the trial, as to such employee, was erroneous. We do not deem it necessary to determine any other question in the case in the light of the disposition which we make of the question discussed.

RICH, JAYCOX, YOUNG and KAPPER, JJ., concur; KELLY, P. J., dissents.

Judgment and order reversed upon the law and a new trial granted, with costs to abide the event.