LEWIS H. MAY COMPANY, Plaintiff, *v.* MOTT AVENUE CORPORATION, Defendant.

Supreme Court, Queens Special Term, August, 1923.

**Practice — when new party to action may be brought in — action for commissions on sale of real estate — purchaser will not be made party because she is alleged to have told seller there was no broker in the transaction — Civil Practice Act, § 193.**

A motion under section 193 of the Civil Practice Act to bring in as a party defendant a third person against whom the moving party has a claim should be granted, (1) where the third person is liable to the plaintiff jointly or severally with the defendant, or when either he or the defendant, but not both, is so liable upon the claim in suit, or (2) where irrespective of the third person's liability to plaintiff for the claim sued on he is liable to indemnify the defendant thereon.

Where a real estate broker sues to recover commissions upon an allegation that he procured one R. as the purchaser of property owned by defendant, a motion under section 193 of the Civil Practice Act, as amended in 1922, to bring in R. as a party defendant upon defendant's claim that if it is held liable to the plaintiff R. is liable to defendant because in the contract of sale R. represented that there was no broker in the transaction, will be denied.

APPLICATION by the defendant made under section 193 of the Civil Practice Act to bring in a third party as a defendant.

*Erwin, Fried & Czaki,* for plaintiff.

*Wahle & Kringel (Charles G. F. Wahle,* of counsel), for defendant.

*Isidor F. Green,* for third party.

CROPSEY, J.   This motion involves the construction of section 193 of the Civil Practice Act.   This section had no forerunner in the Code of Civil Procedure.   Even before the amendment of 1922 it did not contain any provision under which the relief sought could possibly have been granted.   The question is whether that amendment is broad enough to include the situation here presented.   The amendment provided " where one of the parties to an action claims that a person not a party thereto is or will be liable wholly or in part for the claim made against him in the action, the court on application of such party must direct such person to be brought in and direct the service upon such person of the pleading alleging the claim against him."

The plaintiff has sued for commissions as a real estate broker, claiming to have procured one Sophie Rosenheim as the purchaser for the defendant's property.   The defendant seeks to bring in Sophie Rosenheim as a defendant.   Defendant's claim is that the latter is liable to it if the defendant is held liable upon plaintiff's claim because in the contract of sale the purchaser represented there was no broker in the transaction.

Section 193 has received some construction but no case has been brought to the court's attention in which an attempt has been made to state a rule which will aid in determining whether such applications as the present one are within the section.   In fact the courts have expressly refused so to do.   Believing, however, that some definite construction should be given to the section and that some rule should be stated which will be a guide to litigants, an attempt will be made to word one, which even though it be not approved, may be the means of causing the correct rule to be announced.

Although the notes do not give credit to the English Practice Rules as being the origin of this amendment, it seems quite obvious that they at least furnished the suggestion.   Rule 48 of

order XVI of the English Practice Rules provides that " where a defendant claims to be entitled to contribution or indemnity over against any person not a party to the action," such person may be brought in as a party. While the language of our section is different, I am not convinced it should be given any broader meaning. I cannot believe it was intended to permit a third person to be brought in upon the application of the defendant merely because the defendant has a claim against him, the determination of which involves some of the same facts involved in the plaintiff's claim. And this construction it would seem should not be given unless absolutely required because by the terms of the amendment the court " must " direct the third person to be brought in. While I think " must " could have been construed as meaning " may " (*Matter of Thurber*, 162 N. Y. 244, 252), the Appellate Division seems to have given it the imperative meaning. *Fedden* v. *Brooklyn Eastern District Terminal*, 204 App. Div. 741. Although the opinion there does not discuss this question and does not expressly hold as stated, the *per curiam* opinion in *Bessey* v. *United States Shipping Board Emergency Fleet Corp.*, 204 App. Div. 641, decided on the same day as the *Fedden* case and by the same court, states that in a case such as the *Fedden* one, the defendant " had the right to have the third party brought in." Because of the amendment made this year (Laws of 1923, chap. 250) that question will no longer survive after September first, as the word " must " is changed to " may."

To allow a third person to be brought in merely because some facts necessary to be established to support defendant's claim against him would be the same as some of the facts to be determined in the action by the plaintiff against the defendant, would permit of hopeless confusion upon the trial and the possibility of prejudice to some of the parties. There is no need of bringing in a third person as a defendant in order to have him bound by the facts that are adjudicated in the determination of plaintiff's claim. If the facts in the plaintiff's claim have any bearing upon the claim of the defendant against the third person the latter can be bound by their determination by being properly vouched in by the defendant. This does not make the third person a party to the action but does bind him to such adjudication and it avoids confusion and possible prejudice to the plaintiff. It may be argued that the same result could be reached if the third person was brought in as a defendant, because the same section provides that the bringing in of a person shall not delay the judgment to which the plaintiff is entitled. But if that means the claim of the defendant against the third person is not to be tried until plaintiff's claim

has been litigated, there is no point in making the third person a party. There would be no more trouble or delay in defendant vouching in the third person in the plaintiff's action and bringing a separate action against him than there would be in the other procedure.

The following is offered as a workable rule which is justified by the construction of the section in question: In every case in which a third person may be brought in, the party seeking that result must have a claim against him; then the application should be granted, (1) where the third person is liable to the plaintiff jointly or severally with the defendant, or where either he or the defendant (but not both) is so liable, for the claim sued upon; or (2) where irrespective of the third person's liability to the plaintiff for the claim sued upon he is liable to indemnify the defendant thereon.

Under the 1st subdivision the ordinary case of joint or joint and several debtors would come where only one was sued by the plaintiff. Among other cases that subdivision also would include an action against an agent based upon a contract made in his name without revealing his agency. In such a case the agent could bring in his principal if the contract was made with authority. The plaintiff there could sue either the agent or the principal, or under section 213 of the Civil Practice Act he could sue both but could not have judgment against both, only against the one held to be liable. *Schechtman* v. *Salaway*, 204 App. Div. 549. This rule of course would not permit of the bringing in of a joint tort feasor upon the application of a defendant. The latter has no legal claim against such a person. Under the 2d subdivision would come the cases in which the third party had agreed to indemnify the defendant against the plaintiff's claim.

This rule is in harmony with most of the decisions so far recorded which construe this section. See *Neuss, Hesslein & Co., Inc.,* v. *Nat. Aniline & Chemical Co., Inc.,* 120 Misc. Rep. 164; *Wichert, Inc.,* v. *Gallagher,* N. Y. L. J. April 12, 1923; affd., 206 App. Div. 756; *New Netherland Bank of N. Y.* v. *Goodman,* N. Y. L. J. July 5, 1923; *Fisher* v. *Bullock,* 204 App. Div. 523, and cases already cited. In the *Neuss, Hesslein & Co.* case it was held that the defendant could not bring in the third person. That action was by the buyer against the seller for damages caused by impurities in beer coloring. The third person sought to be brought in by the defendant was the person from whom it had bought the coloring which it had later sold to the plaintiff. There the third person was not liable to the plaintiff nor had he agreed to indemnify the defendant against any claim plaintiff might make.

26

In the *Wichert* case the facts do not appear fully, but they must have justified the statement in the opinion therein "that the third person would be liable, in part at least, for the claim made by the plaintiffs," and so required that it be brought in.

The application in the *New Netherland Bank* case was denied. There the plaintiff sued upon contract claiming defendant had failed to return skins left with him to be dyed. The third person whom defendant sought to bring in was one to whom he had delivered the skins. Plainly defendant was not entitled either to contribution or indemnity from the third person. There is a statement in the opinion that might indicate the court thought that such an application should not prevail unless the third person was a party to the contract sued upon by the plaintiff. But the balance of the opinion rather assumes the rule to be as is herein contended. Moreover, prior to the adoption of the Civil Practice Act, a third person could be brought in as a party under the provisions of section 723 of the Code of Civil Procedure, where originally he could have been joined as a defendant. *Gittleman* v. *Feltman*, 191 N. Y. 205, 209. And the amendment in question made to section 193 of the Civil Practice Act seems to have been intended to broaden the rule that prevailed under the Code of Civil Procedure.

In the *Fisher* case plaintiff's automobile while stalled on defendant's railroad track by a defect in the highway crossing, was struck by defendant's car. The court approved of an order granting defendant's application to bring in as a defendant the contractor who was repairing the highway at the time. The report does not show whether the contractor was working for the defendant and under its contract, or under contract with the town, or otherwise. If the contractor was working under contract with the defendant and negligently performed the work required to be done, thereby causing the accident, he would be liable to the defendant for any damage the latter might be obliged to pay because thereof (*Phœnix Bridge Co.* v. *Creem*, 102 App. Div. 354; affd., 185 N. Y. 580) and would also be liable to the plaintiff and in that situation could properly have been brought in. But if the contractor was not under contract with the defendant, the latter would not have any claim against him and so he could not be brought in under section 193. The 1st subdivision of that section which had been section 452 of the Code of Civil Procedure, and which was unchanged by the 1922 amendment, giving the court the right to direct other parties to be brought in "when a complete determination of the controversy" cannot be had without their presence, did not authorize the order made in the *Fisher* case as the opinion therein

might suggest.   P. 525.   That subdivision applies only to equity actions.   *Gittleman* v. *Feltman, supra,* at p. 208.

In the *Fedden* and *Bessey* cases the third person was the employee of the defendant for whose negligence the latter was sued.   In each of them the defendant had a claim against the third person and the latter was also liable to the plaintiff.

The case of *Gettinger* v. *Glasser, No. 2,* 204 App. Div. 829, arose under section 271 of the Civil Practice Act and not under section 193.   It, therefore, cannot be an authority for the point under consideration.   Moreover, that decision does not seem in harmony with the language of section 271.   See *Youngman* v. *New York Indemnity Co.,* 120 Misc. Rep. 687.

In the instant case the third person is not liable to the plaintiff upon any theory nor has she agreed to indemnify the defendant. Giving the word " indemnify " a broad meaning it may be said that when the third person represented to the defendant that there was no broker, she thereby indemnified him against any claim for brokerage but the word as used in the rule enunciated in this opinion is not intended to have that breadth of meaning.

Motion is denied, with ten dollars costs.

Ordered accordingly.