JAMES A. FISHER, Respondent, *v.* GEORGE BULLOCK, as Receiver of the BUFFALO AND LAKE ERIE TRACTION COMPANY, Respondent, Impleaded with E. J. BAILEY, Appellant.

Fourth Department, March 28, 1924.

**Trial — change of place of trial — plaintiff stipulated to bring in appellant as defendant on condition that case retain its position on preferred calendar for trial in Erie county — stipulation did not bind appellant — plaintiff granted permission to apply for order relieving him from stipulation — if order is granted order changing place of trial to Chautauqua county will be vacated.**

In an action to recover damages for negligence in which the plaintiff's attorney consented to the bringing in of the appellant as a party defendant upon the express condition that the case should retain its place as a preferred case upon the calendar and be tried in Erie county, the stipulation so entered into is not binding upon the appellant, and since he has moved to change the place of trial to Chautauqua county, which will deprive the plaintiff of his right to a preference on the calendar, and require the trial of the case in another county contrary to his understanding when the order bringing in the appellant was made, the plaintiff is given permission to make a motion to be relieved from the stipulation and to discontinue the action as to the appellant, and if such order to discontinue is granted, the order changing the place to Chautauqua county will be vacated.

APPEAL by the defendant, E. J. Bailey, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 11th day of March, 1924, denying his motion to strike the case from the preferred calendar and to change the place of trial from the county of Erie to the county of Chautauqua.

*William S. Stearns,* for the appellant.

*Hamilton Ward* [*Dana L. Spring,* of counsel], for the plaintiff, respondent.

*Kenefick, Cooke, Mitchell & Bass,* for the defendant, respondent.

Fourth Department, March, 1924.          [Vol. 208

Per Curiam:

When this case was before this court on the former appeal (204 App. Div. 523) the record disclosed that the case had been placed upon the preferred calendar of Erie county for trial and the case was disposed of here upon the record before the court. The statements in the opinion of this court were made in reference to the record as it then existed. The learned Special Term has misapprehended the scope of the decision made on the former appeal. That decision was not intended to interfere with the authority of the Special Term to grant a change of the place of trial if the facts disclosed upon the motion made for such relief justified it. On the former appeal it appeared that the attorney for the plaintiff acquiesced in the practice adopted in bringing in Bailey as a defendant and the opinion so states. If the plaintiff had opposed the bringing in of Bailey as a party defendant upon the ground that he was a joint tort feasor and not liable in any event to the defendant Bullock, as receiver, a different situation would have been presented. (*May Co.* v. *Mott Avenue Corp.*, 121 Misc. Rep. 398.)

It now appears that plaintiff's attorney consented to the bringing in of Bailey as a party defendant upon the express condition that the case should retain its place as a preferred case upon the calendar and be tried in Erie county. Bailey was not a party to such understanding and, of course, was not bound by it. If the place of trial is changed to Chautauqua county, the plaintiff will be deprived of his right to a preference on the calendar and be required to try the case in another county contrary to his understanding when the order was granted bringing in Bailey as a defendant. In view of that situation we think that the plaintiff should be permitted, if he so elects, to make a motion to be relieved from his stipulation and to discontinue the action as against the defendant Bailey within ten days after service of a copy of this order. If such an order to discontinue as to the defendant Bailey should be granted, the order changing the place of trial to Chautauqua county will be vacated.

The order should be reversed, with ten dollars costs and disbursements, and motion to change place of trial to Chautauqua county granted, with ten dollars costs.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.