SAMUEL H. GREENHOUSE, Appellant, *v.* ROCHESTER TAXICAB COMPANY and Another, Respondents, Impleaded with NEW YORK STATE RAILWAYS, Appellant.

LILLIAN GREENHOUSE, Appellant, *v.* ROCHESTER TAXICAB COMPANY and Another, Respondents, Impleaded with NEW YORK STATE RAILWAYS, Appellant.

MARGARET GREENHOUSE, an Infant, by SAMUEL H. GREENHOUSE, Her Guardian ad Litem, Appellant, *v.* ROCHESTER TAXICAB COMPANY and Another, Respondents, Impleaded with NEW YORK STATE RAILWAYS, Appellant.

Fourth Department. November 9, 1926.

Motor vehicles — action for damages suffered by plaintiffs when taxicab, in which they were riding, was struck by trolley car — action was brought originally against taxicab company — defendant moved, under Civil Practice Act, §§ 192 and 193, to have trolley company brought in as party defendant — taxicab passed street car and stopped on track at street intersection — trolley car struck cab in rear — error to bring in trolley company as party defendant — parties may be brought in on defendant's motion if litigated business will be promoted.

In an action to recover for injuries suffered by the plaintiffs while they were riding in a taxicab, in which it appears that the taxicab passed a trolley car and stopped on the tracks at a street intersection, and was struck by the trolley car, it was error for the court, on defendant's motion, to bring in the trolley company as a party defendant, under sections 192 and 193 of the Civil Practice Act, since to do so would raise issues between the two defendants, in which the plaintiffs are not interested, and would tend to prejudice the plaintiffs in their rights to recover for the damages done.

Parties may be brought in on defendant's motion, however, where it appears that the administration of litigated business will be promoted without too great a sacrifice of plaintiff's rights.

APPEAL in each of the above-entitled actions by the respective plaintiff therein, and by the defendant New York State Railways,

from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 17th day of July, 1926, bringing in the New York State Railways as a party defendant in each action and directing the service of a supplemental summons and complaint in each action on said defendant.

*William C. Combs*, for the plaintiffs, appellants.

*Harris, Beach, Harris & Matson* [*Carroll N. Whitman* of counsel], for the defendant, appellant.

*Raines & Raines* [*Eugene Raines* of counsel], for the respondents.

DAVIS, J. The plaintiffs in the three separate actions were injured on August 16, 1925, while passengers in a taxicab owned by the original defendants. The injuries resulted from a collision in which the taxicab was struck in the rear by a street car operated by the New York State Railways.

Plaintiffs brought separate actions against the parties with whom they had contracted for safe carriage. These defendants moved under sections 192 and 193 of the Civil Practice Act to have the street car company brought in as a party defendant in each action. The motion was granted.

The sections mentioned (so far as material here) provide, in brief, that new parties may be added or parties may be dropped at any stage of the case as the ends of justice may require; and to enable the court to make a complete determination of the controversy, a third person not then a party may be brought in, if it appears that such person is or may be liable to a party wholly or in part for the claim made against such party in the action, and the latter makes application for such order. But it is provided that the controversy between the defendants shall not delay a judgment to which the plaintiff is entitled, unless the court otherwise directs.

In the absence of answering affidavits, we may take the facts from the moving papers. The cab with its passengers was going east on University avenue in the city of Rochester. It passed a street car 300 feet west of Goodman street. Approaching Goodman street the cab turned upon the street car tracks to avoid an automobile parked 15 feet from the intersection, and came to a stop *on the tracks* at the crosswalk to allow an automobile to pass along Goodman street. The street car struck the cab in the rear with great force " shortly thereafter."

These facts, so the president of the defendants concludes, show that the " accident was proximately caused by the negligence of

the New York State Railways," and " that if any damages are recovered by said plaintiffs against said defendants  *  *  * because of the relation of the defendants to the plaintiffs of common carrier, said New York State Railways will be liable therefor to said defendants."

We do not feel equally confident on the state of facts presented that these legal conclusions are justified. It does not appear that the driver of the cab had no other place to stop except on the tracks; or, if so, that he gave any notice or warning of his predicament to the person operating the street car he had so recently passed. Nothing is shown to indicate that he looked to observe the position of the moving street car when he drove his cab upon the tracks and brought it to a stop, nor is it clear that it was possible to bring the street car to a stop before the collision occurred. It might then be reasonable to infer that the negligence of the driver of the cab was a proximate cause of the accident.

The complaints allege that the accident was caused solely by the negligence of the defendants sued. The defendants in their answers deny this and deny also that the plaintiffs were free from contributory negligence. If in fact the plaintiffs were guilty of contributory negligence, or the defendants were not at all negligent, but the accident was due to the intervening negligence of a third party, the plaintiffs cannot recover against these defendants and there will be no liability over to them from the party sought to be brought in. If, as it now appears, there is a question of fact as to the concurrent liability of joint tort feasors, the plaintiffs have made their choice by suing the parties who contracted to carry them safely; and they should not be compelled to bring in the other party.

The court may, in its discretion, bring in another joint tort feasor as a party on motion of plaintiffs (*Gittleman* v. *Feltman*, 191 N. Y. 205), or by their acquiesence (*Fisher* v. *Bullock*, 204 App. Div. 523), but not to suit the purposes of the defendants. Nor, it may be added, may a party liable both to plaintiff and a defendant be dropped on the motion of plaintiff, if the other defendant objects. (*Bessey* v. *U. S. Shipping Board E. F. Corp.*, 204 App. Div. 641.) If the defendants should set up as against the new party damages to the cab, we would have an issue in which plaintiffs had no interest, adding confusion and delay to the trial. To a certain extent the same difficulty would arise if on the trial the question of the blame and of liability over was sharply litigated between these two defendants. In such issues plaintiffs would have no concern if there was a question of fact between them and the original defendants. Under the orders they are left to litigate

the issue framed by the original pleadings, and the party brought in is involved only in the controversy to be raised by the new pleadings. Already the plaintiffs have been delayed in their remedy by the allowance of twenty days for these defendants to prepare and serve new pleadings on the new party, and of twenty days in which the latter may answer. If the plaintiffs desired a speedy determination of their actions, their rights have been prejudiced and the " ends of justice " have not been appreciably served.

The cases relied on by respondents are those where the courts have brought in additional parties defendant who in some active way were related to the negligent acts, and the party sued was a passive participant legally liable as owner, or under the doctrine of *respondeat superior.* (*Hailfinger* v. *Meyer,* 215 App. Div. 35; *Fedden* v. *Brooklyn East. Dist. Terminal,* 204 id. 741.) In these cases there was strong probability that if plaintiff recovered, the new party brought in would be liable therefor to the original defendant under well-recognized principles of liability. It was, therefore, quite apparent that the necessity of bringing a second action would be obviated without much delay or prejudice to the plaintiff.

The sections of the Civil Practice Act here invoked by defendants were derived in part from similar provisions in the Code of Civil Procedure (§§ 452, 723). They are comparatively new and the practice is to some extent unsettled. Their chief value has been in the relief furnished in equity cases, when discovery was made that parties necessary for the complete determination of the suit were not before the court. It is true that under section 193, subdivision 2, of the Civil Practice Act parties may be brought in in actions at law at the instance of a defendant, where there is liability over, either through indemnity or contribution, or otherwise. That such liability may exist must clearly appear; and even then there is a wide discretion given the court to which the motion is addressed in protecting the rights of the plaintiff to whom is given primarily the choice of parties. It is not enough to consult the convenience of the defendant alone. The purpose of the change in the practice, like other similar innovations found in the Civil Practice Act, is to avoid circuity and multiplicity of actions and to facilitate the dispatch of business in the courts by furnishing a method of trial of all issues between several parties interested in the subject of the litigation, if it can be done without serious prejudice to the rights of any party. Where it appears that the administration of litigated business may be promoted without too great a sacrifice of plaintiff's rights, parties will be brought in on defendant's motion. (*Sherlock* v. *Manwaren,* 208 App. Div. 538, 541; *Travlos* v. *Commercial Union of America, Inc.,* **217** id. 352.)

Nothing appears on this motion to call for the exercise of that discretionary power.

The order should be reversed, with ten dollars costs and disbursements to each appellant, and the motion denied, with ten dollars costs to each appellant.

HUBBS, P. J., SEARS, CROUCH and TAYLOR, JJ., concur.

Order reversed, with ten dollars costs and disbursements to each appellant, and motion denied, with ten dollars costs to each appellant.