EDITH S. ROWE, Plaintiff, *v.* RAYMOND G. DENLER, Defendant.

Supreme Court, Erie County, December 9, 1929.

*Slee, O'Brian, Hellings & Ulsh* [*Dana B. Hellings* of counsel], for the plaintiff, opposing the motion herein.

*Gibbons & Pottle* [*Henry W. Pottle* of counsel], for the defendant, for the motion.

HARRIS, J. This is a motion by the defendant for an order requiring the bringing in of two additional defendants in the action, which is one for negligence growing out of an automobile collision, and for a further order giving to the defendant herein permission to serve an answer upon such additional defendants. The complaint herein alleges that the negligence of the present defendant was the sole cause of the accident on which the charge of negligence is based, and the affidavit of such defendant denies his negligence. The argument for the defendant in making such motion is that the enactment of section 211-a of the Civil Practice Act (as amd. by Laws of 1928, chap. 714, in effect Sept. 1, 1928) calls for a construction of such section which would permit the present defendant to bring in other defendants as parties, by virtue of the provisions of subdivision 2 of section 193 of the Civil Practice Act.

That portion of section 211-a of the Civil Practice Act which is pertinent to this motion reads as follows: " Where a money judgment has been recovered jointly against two or more defendants in an action for a personal injury * * * and such judgment has been paid in part or in full by one or more of such defendants, each defendant who has paid more than his own *pro rata* share shall be entitled to contribution from the other defendants * * *."

Prior to the enactment of such section there was no contribution or right of contribution between joint tort feasors, and the courts of this State have consistently held that section 193 did not permit the bringing in of the third party as a joint tort feasor.

To reach a proper conclusion on this motion, attention must be paid to the question of whether the verbiage of section 211-a of the Civil Practice Act shows an intent on the part of the Legislature that, with the enactment of such section, there should be swept away the construction of subdivision 2 of section 193 of the Civil Practice Act, which existed to the time of the enactment of section 211-a. In my opinion, the Legislature intended only to provide that in case two or more defendants were sued and were

held jointly liable to the plaintiff in a personal injury action, and one of such defendants was compelled to pay the judgment in part or in full, such defendant would be entitled to contribution from the other defendants after the payment of the money. I cannot derive from the verbiage of section 211-a any thought that the Legislature intended to change the construction of section 193, subdivision 2, as it has existed.

In addition to the above reason, I am of the opinion that when the defendant denies his own negligence, he is inconsistent in asking the court to hold that other persons are responsible to him for any liability that he owes to the plaintiff, because if the defendant is not responsible on account of negligence, then there is no liability on his part, and there can be no judgment against him, and there would be no reason for the court to hold that he will be entitled to a judgment against the other parties whom he desires to bring in as defendants.

In view of the foregoing, the motion of the defendant is denied, with ten dollars costs.