ABRAHAM L. LEVIN, Plaintiff, and Another, Copartners, Doing Business under the Firm Name and Style of BENJAMIN LEVIN & SON, Plaintiffs, *v.* LAX & ABOWITZ, INC., Defendant.

City Court of New York, New York County, April 15, 1930.

*Rose & Paskus,* for the plaintiff.

*Edward D. Newman,* for the defendant.

*Proskauer, Rose & Paskus,* for the Braincraft Company, Inc.

NOONAN, J. Plaintiff sues as a holder in due course of a promissory note made by the defendant, payable to the order of Braincraft Company, Inc., and indorsed by the latter to one Levin, who indorsed and delivered it to the plaintiffs before maturity. The action is against the defendant as maker of the note. In its answer the defendant alleges that the note in suit, with several other notes, was given by the defendant to the Braincraft Company, Inc., in payment of a certain machine which was warranted to be efficient in cementing heels to the uppers of ladies' shoes. The answer further alleges that the plaintiff is not a holder in due course, but took the note with notice of a breach of warranty as to the fitness of the machine for the purpose for which it was bought. A breach of warranty is set up justifying a rescission of the sales contract and a return of the moneys paid under it by the defendant. A counterclaim is also pleaded based on the increased cost of manu-

facture of the shoes caused by the failure of the machine to perform its work and the expense incurred by the defendant in advertising the virtues of the machine in trade papers.

The motion here is by the defendant to join the Braincraft Company, Inc., as a party defendant pursuant to the provisions of section 193, subdivision 2, of the Civil Practice Act.

The motion, in my opinion, must be denied, as the claim which the defendant seeks to make against the proposed defendant is not the same as that of the plaintiff against the defendant. The plaintiff, claiming to be a holder in due course, sues for the amount of the note. The claim of the defendant against the Braincraft Company, Inc., is for breach of warranty and on a counterclaim with which the plaintiff is not connected, as there is no contention that the plaintiff, either by assignment or in any other way, was a party to the contract between the defendant and the seller of the machine. (*Zauderer* v. *Market Street Long Beach Realty Corp.*, 128 Misc. 364; affd., 221 App. Div. 760; *Neuss, Hesslein & Co., Inc.*, v. *National Aniline & Chemical Co., Inc.*, 120 Misc. 164; *Stern* v. *Ide & Co., Inc.*, 212 App. Div. 714, 719.) Furthermore, the defendant does not show any present liability of the Braincraft Company, Inc., to it for breach of warranty.

The breach of warranty upon which a rescission of the contract of sale is founded must be established by proper evidence. Whether the proposed defendant may be liable to the present defendant is dependent upon the determination of a disputed question of fact. There is no reason why the plaintiff should be impeded by the determination of the controversy between the defendant and its vendor. (*Kromback* v. *Killian*, 215 App. Div. 19.) Order filed.