MARY MURRAY, Plaintiff, *v.* JOSEPH MASTROENI and Another, Defendants.

Supreme Court, Monroe County, July 7, 1930.

*Hubbell, Taylor, Goodwin, Nixon & Hargrave,* for the defendant Porter.

*Raines & Raines,* for the defendant Mastroeni.

RODENBECK, J. The defendant Mastroeni should not be allowed to try out in this action his right to recover from his codefendant, Porter, any judgment which may be awarded the plaintiff against Mastroeni individually or jointly with his codefendant. Under his defense he will have every opportunity to show that Porter is solely responsible for the accident, but that is as far as he ought to be permitted to go.

Defendant Porter's defense of the plaintiff's claim should not be embarrassed by an affirmative claim made against him by his codefendant for any separate or joint judgment that may be recovered. The defendant Mastroeni is seeking to recover not only

the personal claim which he may have against his codefendant for property damage, but the amount of any judgment that may be recovered against him by the plaintiff. If a separate judgment is recovered against Mastroeni, it would be *res adjudicata* as to the liability of the defendant Porter under the defenses set up, and if a joint judgment is recovered, the liability of the defendant Porter for a contribution is otherwise provided for. (Civ. Prac. Act, § 211-a.)

Where it is confusing, in a jury case, to permit a defendant to try out an issue between him and a codefendant, and it is confusing where the rules of law as to the liability of the defendants to the plaintiff, and the liability of the defendants as between themselves, differ, the defendant should not be permitted to try his separate cause of action in conjunction with the cause of action of the plaintiff.

The Board of Statutory Consolidation had in mind a very simple rule of permitting any person to be joined as a party, and any causes of action to be joined, subject to the usual motions relating to pleadings and to a separate trial of any issue. (Report 1915, Civ. Prac. Act, §§ 19, 20; Report 1919, Civ. Prac. Act, §§ 16, 17.)

The discretion with reference to a separate trial runs through the provisions of the Civil Practice Act, where confusion might result from a common trial, and this discretion should be exercised against the defendant Mastroeni on this motion. (Civ. Prac. Act, §§ 264; 193, subd. 2; 211-a.)

The first affirmative cause of action set up by the defendant Mastroeni should be stricken out, with ten dollars costs to abide the event. (*Neuss, Hesslein & Co., Inc.*, v. *Nat. A. & C. Co., Inc.*, 120 Misc. 164; *May Co.* v. *Mott Ave. Corp.*, 121 id. 398; *Stern* v. *Ide & Co.*, 212 App. Div. 714.)