CHARLES A. TROSHOW, Plaintiff, *v.* B. ALTMAN & Co., Defendant.

Supreme Court, New York County, April 29, 1931.

*Lawrence Berenson*, for the plaintiff.

*Alfred W. Andrews*, for the defendant.

FRANKENTHALER, J.   Prior to the enactment of section 211-a of the Civil Practice Act by chapter 714 of the Laws of 1928, it was well established that a defendant could not invoke subdivision 2 of section 193 of the Civil Practice Act to bring in a joint tort feasor because the latter would not be liable to the former, in whole or in part, for the claim made against the defendant.   (*Greenhouse* v. *Rochester Taxicab Co.*, 218 App. Div. 224; appeal dismissed, 244 N. Y. 559.)   The cases of *Fedden* v. *Brooklyn Eastern District Terminal* (204 App. Div. 741) and *Hailfinger* v. *Meyer* (215 id. 35) are distinguishable since there the relationship between the defendant and the party brought in was such that the latter would be liable over to the defendant.   The only effect of section 211-a of the Civil Practice Act is to permit contribution between joint tort feasors " Where a money judgment has been recovered jointly against " them, and one has paid more than his *pro rata* share of such judgment.   The present motion to bring in an additional defendant could properly be granted only if the latter would be liable to the present defendant for all or any part of the claim asserted by the plaintiff.   This liability would, however, exist only if a joint judgment were obtained against the present and the prospective defendants, and this in turn, could occur only if the plaintiff chose to sue *both* defendants and asked for judgment against *both* of them.   The mere bringing in of an additional defendant does not entitle the plaintiff to procure a judgment against it.   To obtain such a judgment the plaintiff must serve upon the added party a summons and complaint in which that relief is sought.   I know of no theory upon which an unwilling plaintiff can be directed or compelled to demand judgment against a joint tort feasor or any one else.   As section 211-a of the Civil Practice Act may not be invoked in the absence of a judgment in favor of the plaintiff against *both* defendants, it follows that subdivision 2 of section 193 of the Civil Practice Act is inapplicable to the instant situation.   The

case of *Haines* v. *Bero Engineering Construction Corp.* (230 App. Div. 332) appears to overlook the fact that a *joint* judgment against both defendants may not be had unless the plaintiff elects to demand it, which he may not be ordered to do without his consent. The motion is denied. (*Rowe* v. *Denler*, 135 Misc. 286.)