MARGARET BOOTH, an Infant, by MARY BOOTH, Her Guardian ad Litem, Appellant, *v.* THE CARLETON COMPANY, INC., Respondent, Impleaded with MILES E. CASON, Appellant.

GEORGE BOOTH, Appellant, *v.* THE CARLETON COMPANY, INC., Respondent, Impleaded with MILES E. CASON, Appellant.

First Department, July 1, 1932.

*Morris A. Wainger* of counsel [*John C. Robinson*, attorney for the plaintiffs; *Alexander J. Simmons*, attorney for the defendant Miles E. Cason], for the appellants.

*John P. Smith* of counsel [*Thomas F. Keane* with him on the brief; *John P. Smith*, attorney], for the respondent.

MARTIN, J. We have here for review four orders entered in two actions, the first of which was brought by the infant plaintiff to recover damages for personal injuries sustained by her, and the second by her father to recover for loss of services and medical expenses.

The complaints allege that the infant plaintiff was injured on or about January 11, 1930, while a passenger in an automobile being operated along Fulton street, near Carleton avenue, Brooklyn,

which automobile overturned as a result of a wheel or wheels thereof being suddenly precipitated or caused to run into a depression, hole or excavation; that the defendant Carleton Company, Inc., was constructing a subway under the street at that point; that the accident was caused solely by the negligence of that defendant in creating the condition; in having no guard, fence or railing, in displaying no lights and giving no warning or notice of the condition; in failing to call to the attention of operators of automobiles on Fulton street, and in that nothing was done by it to prevent vehicles from being precipitated or caused to run into said depression, hole or excavation.

The answer was practically a general denial of the allegations of negligence. The defendant admitted that it was doing certain excavation work in connection with the construction of a subway; that all work was being done pursuant to a contract with the city of New York acting by the board of transportation for the construction of a subway at that point and in accordance with the contract and a permit from the proper municipal authorities; that the excavation work was properly planked over and securely guarded.

The plaintiffs have a right to sue the party they believe is responsible for the accident. Under certain circumstances, however, a defendant may bring in another party as a defendant.

On July 23, 1931, the defendant Carleton Company, Inc., made a motion to bring in as a codefendant Miles E. Cason, the owner and operator of the automobile in which the infant plaintiff was a passenger at the time of the accident. This motion, although opposed by plaintiff, was granted and an order to that effect signed on August 31, 1931. An amended answer and cross-complaint was served on the defendant Cason on September 28, 1931, and the said defendant duly answered on October 15, 1931.

In the cross-complaint the Carleton Company, Inc., alleges that if the infant plaintiff received any injury as a result of the automobile running into an excavation, such injury was caused wholly by reason of the negligence of Cason in the manner in which he was operating his automobile; in his failure to use reasonable care and caution; in failing to observe open and plainly visible conditions then and there existing; in driving at an excessive rate of speed in an inattentive manner, and in disregard of warnings, safeguards, barricades and protective devices then and there in existence at the place where the accident happened; and in his failure to have his automobile under reasonable and safe control. It is then alleged that if the plaintiff succeeds in her cause of action against the Carleton Company, Inc., the recovery must be based

on the ground that it was a passive and secondary wrongdoer; that it was at no time an active and primary wrongdoer in any respect proximately contributing to the accident; that the accident and injury were due to the active and primary negligence of the defendant Cason and that the Carleton Company, Inc., was wholly free from any active and primary negligence contributing to the plaintiff's injury.

After the cross-complaint had been served upon Cason and he had answered, the Court of Appeals in *Fox* v. *Western New York Motor Lines, Inc.* (257 N. Y. 305) held that it was improper to bring in, as a codefendant, a person who, like the defendant Cason, was not being sued by the plaintiff and against whom plaintiff made no claim, because the plaintiff could not obtain a judgment jointly against the original defendant and the proposed additional party, and, therefore, there could be no contribution between them. Shortly after that decision was reported both the plaintiffs and the defendant Cason moved to vacate the orders bringing in the codefendant Cason.

The motions were opposed by the Carleton Company, Inc., on the ground of laches, that the cross-complaint did not assert a claim against Cason as a joint tort feasor from whom it might obtain contribution but that it alleged that Cason's negligence was the sole cause of the accident and that the respondent seeks indemnity for the entire sum which plaintiff might recover against it on the ground that it was a passive and secondary wrongdoer and Cason was an active and primary wrongdoer. It was contended, in effect, that the *Fox* case was not an authority in favor of the Carleton Company, Inc.

A motion objecting to the complaint because it does not state facts sufficient to constitute a cause of action may be made at any time before trial or at the trial.

This motion is more than an application for a reargument. It is an original motion made because of changed conditions. It includes a demand that the complaint be dismissed.

Here the plaintiff asserts that the defendant, the Carleton Company, Inc., is solely liable for the negligence that caused the accident. The Carleton Company, Inc., claims that the defendant Cason is solely liable for the negligence that caused the accident. This is not a case of one being liable over the other. If both are responsible for the accident, there can be no contribution. (*Fox* v. *Western New York Motor Lines, Inc., supra; Dudar* v. *Milef Realty Corp.*, 258 N. Y. 415; *Scott* v. *Curtis*, 195 id. 424.)

We, therefore, have a case where the additional defendant should not have been brought in. There is no doubt that the parties

are entitled to the relief prayed for and that the motions of the plaintiffs and codefendant to dismiss the cross-complaint and strike the name of the codefendant from the action should have been granted.

The orders should be reversed, with ten dollars costs and disbursements, and the motions granted.

FINCH, P. J., MERRELL, O'MALLEY and TOWNLEY, JJ., concur.

On each appeal: Order reversed, with ten dollars costs and disbursements, and motion granted.