MARIO DEMARCHI, Plaintiff, *v.* ELECTRO BLEACHING GAS COMPANY, Defendant.

Supreme Court, Niagara County, April 12, 1935.

*Brydges & Suitor*, for the plaintiff.

*Dudley, Gray & Phelps*, for the defendant.

*Franchot, Runals, Cohen, Taylor & Rickert* [*Thomas G. Rickert* of counsel], for the Niagara Junction Railway Company.

HORTON, J. This is a motion by the defendant under section 193, subdivision 2, of the Civil Practice Act, to bring in the Niagara Junction Railway Company as a party defendant upon the ground

that said railway company is liable to defendant, in whole or in part, for the claim made against it in this action, which was brought against defendant for damages for negligently allowing liquid chlorine to be shipped in a defective tank car and failing to make proper inspection thereof so that gas escaped and injured plaintiff, who was working in the street near the car. Defendant's claim is that the escape of the gas was due rather to negligent handling and shunting of the car. The railway company has obtained release from plaintiff in settlement of any possible claim against it. The complaint makes no charge of negligence against the railway company.

The railway company, to which notice of this application was given, opposes the motion upon the ground that section 193, subdivision 2, does not apply here, as the railway company cannot be held liable to the defendant for the claim made against it by plaintiff which was based upon the use of a defective car for the transportation of a dangerous substance, while the claim made by the defendant against the railway company is for negligent handling of the car. The plaintiff also opposes the motion.

The Court of Appeals in *Nichols* v. *Clark, MacMullen & Riley, Inc.* (261 N. Y. 118), states (at p. 123): " Section 193, subdivision 2, relates to those causes of action wherein a person not a party to the action will be liable over to the defendant for the judgment or part of the judgment recovered by the plaintiff against him." And (at p. 124): " The causes of action must, therefore, be the same, or, at least, based upon the same grounds, although arising, of course, out of different relationships."

It seems clear that the defendant is not entitled to bring the railway company into this action unless it appears that the defendant was the passive and secondary wrongdoer and the railway company the active and primary wrongdoer. The court believes that the negligence of the defendant alleged in the complaint in using a defective car and failing to inspect and test the same cannot be said to be passive only, and that, therefore, the motion to join the railway company should not be granted.

The authority which seems to the court nearest in point is *Booth* v. *Carleton Co., Inc.* (236 App. Div. 296). In that case the complaint alleged that the plaintiff, a passenger, was injured through the overturning of an automobile because of the wheels running into a hole in the street carelessly left by defendant without guard or lights. Defendant, upon motion, brought in one Cason, the owner and operator of the automobile, as a codefendant. After the decision in *Fox* v. *Western New York Motor Lines, Inc.* (257 N. Y. 305) Cason moved to vacate the order

bringing him in. Defendant opposed this, asserting that it did not make claim against Cason as joint tort feasor from whom it might obtain contribution, but rather upon the ground that Cason's negligence was the sole cause of the accident and that it seeks indemnity for the entire sum which plaintiff might recover against it as it was a passive and secondary wrongdoer and Cason the active and primary wrongdoer. The court, however, held that the additional defendant should not have been brought in and vacated the order. (See, also, *Greenhouse* v. *Rochester Taxicab Co.*, 218 App. Div. 224; appeal dismissed, 244 N. Y. 559.) In this case the court said (at p. 227): "It is true that under section 193, subdivision 2, of the Civil Practice Act parties may be brought in in actions at law at the instance of a defendant, where there is liability over, either through indemnity or contribution, or otherwise. That such liability may exist must clearly appear; and even then there is a wide discretion given the court to which the motion is addressed in protecting the rights of the plaintiff to whom is given primarily the choice of parties. It is not enough to consult the convenience of the defendant alone."

It seems to the court that under the circumstances here the addition of the railway company would serve to impede rather than aid an orderly and prompt disposition of all the contentions of all the parties, and that the claims as between the defendant and the railway company should be left to a subsequent action in which such claims and the evidence supporting them will be the only issues before the court and jury. It follows that sound discretion as well as the strict application of the rules pertaining thereto require that this motion be denied.