NATHAN FEUER, Plaintiff, *v.* GEORGE F. FENTON, Doing Business under the Firm Name and Style of GEORGE F. FENTON Co., Defendant.

City Court of New York, Special Term, Bronx County, May 13, 1937.

*Michael Berman,* for the motion.

*Samuel S. Sturim,* for the plaintiff, opposed.

*Joseph A. Taperson,* for Lawrence Freeman, opposed.

DONNELLY, J. Plaintiff sues to recover of the above-named defendant damages which he claims he sustained through the defendant's breach of a warranty in the installation of a tubular boiler and hot water generator in certain premises for plaintiff. Plaintiff alleges that what was warranted by the defendant was, that the boiler and the generator were fit for the purpose for which they were installed, namely, of furnishing steam radiation and hot water. Plaintiff further alleges that the boiler and generator failed to radiate sufficient steam, and that said generator leaked and failed to function properly. In his affidavit in support of this motion, defendant alleges that the warranty was in writing.

The defendant seeks to bring in as a party defendant herein one Lawrence Freeman, upon the ground that, if plaintiff recover judgment against defendant for the breach of his warranty to plaintiff, the movant will be entitled to sue said Freeman for his negligence in the construction and installation of said boi er and generator. The motion is opposed by plaintiff and by said Freeman.

Subdivision 2 of section 193 of the Civil Pract ce Act is invoked by this defendant's counsel as authority for the relief sought. The pertinent parts of the statute read: "Where any party to an action shows that some third person, not then a party to the action, is or will be liable to such party wholly or in part *for the claim made against such party in the action,* the court, on application of such party, may order such person to be brought in as a party to the action  *  *  *  so that the claim of such moving party against such person may be determined in such action, which shall thereupon proceed against such person as a defendant therein to such judgment as may be proper." (Italics mine.)

To succeed on this motion, the movant is bound to show that Freeman is or will be liable over to him upon the same cause of action set forth in the complaint. (*Nichols* v. *Clark, MacMullen & Riley, Inc.,* 261 N. Y. 118.) The claim made by plaintiff against this defendant is for damages due to his breach of warranty. The grievance alleged by this defendant against Freeman is the latter's negligence. The two claims are wholly unrelated. It was not intended that entirely unrelated claims should be tried in one action. (*Stern* v. *Ide & Co., Inc.,* 212 App. Div. 714, 719.) The controversy between the parties to this action can be completely determined without the presence of any other person. To permit the intrusion of the issue raised by this defendant against Freeman would result in confusing the issue between the parties to this action. The rules of law as to the iability of defendant to plaintiff and the liability as between this defendant and Freeman differ.

For this reason, defendant should not be permitted to try his separate cause of action against Freeman, in conjunction with plaintiff's cause of action. (*Murray* v. *Mastroeni,* 137 Misc. 708.)

In *Williams* v. *Flagg Storage Warehouse Co.* (128 Misc. 566; affd., 221 App. Div. 788), where holder of warehouse receipt, indorsed in blank and received as security for payment of notes, sued warehouseman for failure to deliver coffee covered by receipt on demand, and warehou eman's answer alleged that it had delivered coffee to original bailor on representation that she still owned receipt, without showing anything connecting plaintiff with such receipt, it was held that warehouseman was not entitled to bring in original bailor under section 193 of the Civil Practice Act. It was there stated that the transactions between the defendant warehouse company and De Lima, the original bailor, were entirely unrelated to the claim of the plaintiff.

In *Neuss, Hesslein & Co., Inc.,* v. *Nat. A. & C. Co., Inc.* (120 Misc. 164, 165), the action was by buyer against seller for damages caused by the existence of impurities in beer coloring that was sold. The defendant moved for an order bringing in as a party the seller to it of the coloring, so that its possible claim against its seller, if defendant were found liable to plaintiff, could be litigated in the same action. The motion was denied, upon the ground that the action was commenced prior to the coming into effect of the Civil Practice Act, and that the provis ons of section 193 of the Civil Practice Act, under which the motion was made, cannot be applied to it under section 1569 of the Civil Practice Act, for the reason that these provisions are not remedial in character. The court said: " We are of the opinion that the motion was properly denied, but that the denial was based upon the wrong ground. We entertain no doubt that the provisions of section 193 of the Civil Practice Act are remedial, and that they should be applied, in a proper case, to actions brought under the Code. We think, however, that the motion should have been denied for the reason that the defendant's claim, if any it may have against its seller arising out of the plaintiff's claim against the defendant, cannot be litigated in this action. * * * There were here two sales agreements, one between plaintiff and defendant, and the other between defendant and its seller. * * * The thing contracted for may have been different in one case from that in the other. The rights and duties of one buyer or seller may be vastly different from those of the other buyer or seller. All sorts of arguments may be applicable to one of the contracts, and performance thereunder, and not to the other. The plaintiff is entitled

\* \* \* to try out its case against the defendant upon a trial that is divorced from the incumbering and interweaving and confusing effects of another litigation in which it has not the slightest interest or concern." The language just quoted has a peculiar aptness to the situation at bar. Plaintiff has no interest or concern in the controversy between this defendant and Freeman. Plaintiff very definitely contracted with this defendant for a boiler and generator that this defendant in writing warranted were fit for the purpose for which they were purchased. He is entitled to try out his case against this defendant upon the issue raised by the latter's denial of the breach of the written warranty, free from the intrusion raised by this defendant's claim of Freeman's negligence. The same reasoning induced the reversal of an order made by defendants to bring in as an additional party defendant a street railway company, which it was alleged by the movant would be liable over to it for the injuries sustained by plaintiffs who were passengers in a taxicab of defendant. (*Greenhouse* v. *Rochester Taxicab Co.*, 218 App. Div. 224.) In that case it was held that it had not been clearly shown by the movants that the street railway company would be liable over to the defendant taxicab company; that the railway company could not be brought in to suit the purpose of the defendants; that the plaintiffs had no interest or concern in the controversy between the two defendants and that they should not have been delayed even for the length of time necessary for the preparation and service of new pleadings. At bar, Freeman vigorously denies any liability over to this defendant. If Freeman is to be believed, the failure of the boiler and generator to operate efficiently was due to some work improperly done by this defendant after Freeman had completed installation. Whether or nor these allegations be true, is of no concern to plaintiff. Freeman may not be brought into this action to suit the purpose of this defendant.

Motion denied, with ten dollars costs.