TESTING LABORATORIES OF NEW YORK, INC., Respondent, *v.* THEODORE KRAININ and Another, Interpleaded as Party Defendants in the Place and Stead of FRANCIS M. CROSSMAN, Appellants.

Supreme Court, Appellate Term, First Department, March 31, 1925.

**Parties — motion to bring in party under Civil Practice Act, § 193, must be on notice and must direct service of supplemental summons upon new party — failure to comply with said provision renders judgment invalid — statute does not authorize dropping original defendant.**

In order to bring in a party under section 193 of the Civil Practice Act, the order must be on notice and must direct that a supplemental summons be served upon the new party, and if this is not done, the judgment is a nullity. Furthermore, said section does not contemplate or authorize the dropping out of the original defendant.

APPEAL by defendants from an order of the Municipal Court of the City of New York, Borough of Manhattan, First District, in favor of plaintiff denying a motion to set aside an *ex parte* order substituting them as party defendants.

*Joseph David Shifrin,* for the appellants.

*Donal McLean Somers,* for the respondent.

PER CURIAM:

Whether or not the situation warranted the application of the provisions of section 193 of the Civil Practice Act, we are not called upon to say. The practice here has been highly irregular in many respects. To bring in a party under section 193 the order must be on notice* and it must direct that a supplemental summons be served upon the new party. That was not done and no such summons was served. Furthermore, section 193 does not contemplate or authorize the dropping out of the original defendant. The appellants never became parties, and the judgment is a nullity. The order is appealable (*Mitchell* v. *Schroeder*, 94 Misc. 270; *Milton Holding Corp.* v. *Gross*, 193 N. Y. Supp. 75) and the order appealed from is reversed, with ten dollars costs. Motion granted, with ten dollars costs, and judgment vacated.

All concur; present, BIJUR, MULLAN and COTILLO, JJ.

---

* See Rules of Civil Practice, rules 102, 105.