S. SIDNEY STERN and Another, Copartners, Doing Business under the Firm Name and Style of S. & A. STERN, Respondents, *v.* GEORGE P. IDE & Co., INC., and Others, Defendants, Impleaded with SEA ISLAND MILLS, Appellant.

First Department, May 1, 1925.

Parties — action to recover purchase price of cloth — defense that cloth was defective — plaintiffs not entitled to bring in, under Civil Practice Act, § 193, party from whom they purchased cloth and party who finished cloth before delivery to purchaser on theory that if cloth was defective then said parties were liable to plaintiff — trial — note of issue — notice of trial — plaintiffs required to serve upon party brought in notice of trial and to file note of issue — amended complaint insufficient as to parties brought in, which merely alleges that if purchaser of cloth from plaintiffs was not liable then said parties were.

In an action to recover the purchase price of cloth, in which the purchaser interposes a defense that the cloth was defective, the seller cannot bring in as parties defendant, under section 193 of the Civil Practice Act, the party from whom it purchased the unfinished cloth, and also the party who finished the cloth before delivery to the purchaser, on the theory that if the defense by the purchaser is sustained on the ground that the cloth delivered was defective, then, either the party who finished the cloth or the one from whom the seller purchased the cloth is liable for breach of warranty, for the three causes of action are entirely separate and distinct and different in character, and no questions of fact are common to all the causes of action.

It was improper to set the case down for a day certain before the summons was served upon one of the parties who were brought in, for before the case could be brought to trial as against him the plaintiffs were required to serve upon him a notice of trial and to file the usual note of issue.

The amended complaint, so far as the parties brought in are concerned, was insufficient to state a cause of action, since the only allegation therein relating to their liability is that if the contention of the purchaser of the cloth is correct, then the other defendants are liable to the plaintiffs. No liability on the part of said parties exists for goods sold and delivered, or on an account stated, which is the basis of the original cause of action, and the only possible liability is for damages for breach of warranty, and the complaint does not contain any allegation sufficient to charge that liability.

APPEAL by the defendant, Sea Island Mills, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of May, 1924, denying the said defendant's motion for the following relief: 1. For an order vacating and setting aside an order made at Special Term, New York county, Part I, on the 14th day of April, 1924, so far as said order applies to the Sea Island Mills.

2. For an order dropping the defendant Sea Island Mills as a party defendant from this action on the ground that it was improperly joined.

3. For an order striking from the said order of April 14, 1924, the following:

" Ordered, that the service of pleadings, as hereby directed, shall not render necessary the service of a new notice of trial and that notwithstanding the service of such new pleadings, the cause retain its present position on the calendar and proceed to trial in the regular order when reached after the various defendants shall have served their pleadings."

4. For an order dismissing the amended complaint herein on the ground that it appears on the face of the complaint that it does not state facts sufficient to constitute a cause of action as against the Sea Island Mills.

5. In the alternative, for an order directing the plaintiff to serve a further amended complaint separately stating and numbering its causes of action and particularly its cause of action against the Sea Island Mills.

*Paskus, Gordon & Hyman* [*Arthur B. Hyman* of counsel; *Joseph C. Slaughter* with him on the brief], for the appellant.

*House, Grossman & Vorhaus* [*Frederick Hemley* of counsel; *Joseph Fischer* with him on the brief], for the respondents.

MERRELL, J.:

The facts as shown by the moving affidavits upon which the defendant applied for said relief are undisputed, and it appears

therefrom that on December 4, 1920, the plaintiffs, copartners, brought an action against the defendant corporation George P. Ide & Co., Inc., to recover the sum of $10,494.08, besides interest, upon two causes of action set forth in the complaint, the first cause of action being for goods sold and delivered of the value of the amount aforesaid, and the second cause of action being upon an account stated for a balance in said sum of $10,494.08. The defendant George P. Ide & Co., Inc., appeared in said action on December 15, 1920, and the plaintiffs' complaint was thereafter served upon said defendant on · January 19, 1921. Issue was joined by the service of the answer of said defendant corporation on March 2, 1921. Thereafter on March 21, 1922, a note of issue was filed and the action was noticed for the April term of that year. Thereafter it appeared four times upon the calendar in Trial Term, Part X, its first appearance being on April 1, 1924, and the last appearance being on April 15, 1924, when, by request of both sides, the trial was adjourned to June 2, 1924. After the cause had appeared upon the trial calendar on April 1, 1924, and after the cause of action had been at issue for approximately three years, the plaintiffs moved for leave to serve supplemental summonses and amended complaints upon the defendant, appellant, Sea Island Mills and upon the defendants Frank A. Sayles, Charles I. Reed and Kenneth F. Wood, copartners, doing business under the firm name and style of Sayles Bleacheries. No notice of said application was served upon the defendant, appellant. The original defendant, George P. Ide & Co., Inc., did not oppose said motion and the same was granted on April 14, 1924. Thereupon an order was granted · directing the service of supplemental summonses and amended complaints upon the appellant and upon the members of the firm of Sayles Bleacheries. The order permitting the service of supplemental summonses and amended complaints contained a provision dispensing with the service of a new notice of trial and provided that the action retain its then position upon the calendar, the trial of which had been set down for June 2, 1924. On April 16, 1924, a copy of the amended complaint and supplemental summons was served upon the defendant, appellant.

It is alleged in the 5th paragraph of the amended complaint that the plaintiffs bought from the defendant Sea Island Mills about 36,000 yards of imported shirting in the gray or unfinished state, according to sample exhibited. In the 6th paragraph of said complaint it is alleged that on or about March 29, 1919, plaintiffs entered into a contract with the defendant George P. Ide & Co., Inc., for the sale to said defendant of 15,000 yards of " white

silktone." In the 7th paragraph of said complaint it is alleged that the merchandise sold by the plaintiffs to Ide & Co. was a part of the merchandise bought from the defendant, appellant, Sea Island Mills, except that when purchased from said defendant, appellant, it was in the unfinished state, while that sold to Ide & Co. was to be finished and made up in white, as per sample submitted. By the 8th paragraph of the amended complaint the plaintiffs allege that in order to have the 15,000 yards of merchandise to fill their contract with George P. Ide & Co., Inc., the plaintiffs requested the defendant, appellant, Sea Island Mills, to have 15,000 yards of the merchandise which the plaintiffs had purchased from said defendant, appellant, sent to the Sayles Bleacheries to be finished in accordance with sample submitted. In the 9th paragraph of the amended complaint it is alleged that the said defendant, appellant, Sea Island Mills, caused 15,000 yards of said merchandise to be sent to said bleacheries to be finished. In the 11th paragraph of said complaint it is alleged that the Sayles Bleacheries delivered to the defendant George P. Ide & Co., Inc., on behalf of the plaintiffs, certain goods, wares and merchandise for which Ide & Co. agreed to pay the sum of $10,494.08, and it is alleged in the 12th paragraph thereof that said merchandise so delivered was a part of the 15,000 yards sold by the plaintiff to Ide & Co. In the 13th paragraph of the amended complaint it is alleged that the defendant George P. Ide & Co., Inc., notified the plaintiffs that the merchandise delivered to it contained imperfections, oil stains and finishing flaws, and that they refused to accept said goods. It is further alleged in the complaint that the plaintiffs thereupon notified the other defendants and that the latter claimed that the merchandise was in all respects first class. The 15th paragraph of the complaint alleges non-payment by George P. Ide & Co., Inc., for said merchandise. The 16th paragraph of the complaint contains the following allegation: " That if the contention of the defendant George P. Ide & Co., Inc., is correct, then the other defendants are liable to the plaintiff herein therefor."

This is the only allegation of the complaint in anywise alleging any liability on the part of the defendant, appellant, to the plaintiffs. Upon said allegations judgment is demanded by the plaintiffs against the defendant George P. Ide & Co., Inc., in the sum of $10,494.08, or, in the alternative, for judgment against the defendants Frank A. Sayles, Charles I. Reed and Kenneth F. Wood, doing business under the firm name and style of Sayles Bleacheries, and Sea Island Mills, or either of them, in the sum of $25,000 damages.

It thus appears from the allegations of the complaint that the plaintiffs originally purchased of the defendant, appellant, 36,000 yards of shirtings in the gray or unfinished state, and that thereafter, at some other time, by a separate contract the plaintiffs sold 15,000 yards of a different cloth, known as silktone, to the defendant George P. Ide & Co., Inc. It is alleged that this silktone was the finished product of a part of the same goods which the plaintiffs had purchased from the defendant, appellant. It also appears from the allegations of the complaint that the plaintiffs had a contract with the Sayles Bleacheries to finish said merchandise purchased by the plaintiffs from the defendant, appellant, Sea Island Mills, and at the request of the plaintiffs 15,000 yards of the goods which the plaintiffs had purchased from said defendant, appellant, were delivered by the defendant, appellant, to said Sayles Bleacheries for finishing. It thus appears that there are three entirely separate, distinct and disconnected contracts having no relation whatever to each other involved in this matter. The amended complaint alleges a cause of action against George P. Ide & Co., Inc., for goods sold and delivered and upon an account stated, and also purports to allege a cause of action against the Sayles Bleacheries for damages for improper finishing of the merchandise in question, and also a claim for damages against the defendant, appellant, Sea Island Mills, for breach of contract of sale in the event that the trial should result in showing a breach of warranty on the sale from the plaintiffs to George P. Ide & Co., Inc.

The plaintiffs, on the eve of the trial and after the action had been at issue substantially three years, moved the court for permission to serve supplemental summonses and amended complaints upon said defendants. Unquestionably had the motion been opposed by George P. Ide & Co., Inc., the only defendant upon whom notice of such application was served, the same would in any event have been denied because of the laches of the plaintiffs. The order was granted upon the authority of section 193 of the Civil Practice Act. Said section (as amd. by Laws of 1923, chap. 250), so far as pertinent to the question presented upon this appeal, provides that: " Where any party to an action shows that some third person, not then a party to the action, is or will be liable to such party wholly or in part for the claim made against such party in the action, the court, on application of such party, may order such person to be brought in as a party to the action and direct that a supplemental summons and a pleading alleging the claim of such party against such person be served upon such person and that such person plead thereto, so that the claim of

such moving party against such person may be determined in such action, which shall thereupon proceed against such person as a defendant therein to such judgment as may be proper."

I do not think section 193 of the Civil Practice Act was intended to permit a plaintiff to bring in as a party defendant any party who might ultimately be liable to the plaintiff in the event that the original defendant was successful in the defense of the action. I certainly do not believe that it was the intent of the Legislature by said section of the Civil Practice Act to permit plaintiffs to bring in as a party defendant one against whom plaintiff might have another and distinct cause of action of an entirely different nature and which would be governed by entirely different rules. If the action should proceed against all of the present defendants we would have the involved situation of, *first,* determining the rights and liabilities between the plaintiffs and George P. Ide & Co., Inc., upon a contract for the sale of 15,000 yards of the finished goods known as "silktone;" *second,* the determination of the rights and liabilities of the plaintiffs and the defendant, appellant, under a contract for the purchase of 36,000 yards of unfinished goods; and, *thirdly,* the determination of the rights and liabilities between the plaintiffs and the Sayles Bleacheries under some contract between the plaintiffs and said bleacheries for the finishing of the goods. All three claims are entirely different in character. They rest upon different contracts and relate to different subject-matters. The action against George P. Ide & Co., Inc., is to recover for goods sold and delivered and upon an account stated therefor. No cause of action is, in fact, alleged in the complaint as against the defendant, appellant. All that the complaint alleges is that if the defendant George P. Ide & Co., Inc., is successful, then one of the other defendants must be liable to the plaintiffs for damages, either the defendant, appellant, for faulty goods sold or Sayles Bleacheries for imperfect finishing of said goods. It seems to me that the real intent of the Legislature in enacting section 193 was to permit a party who is charged with some sort of liability to bring in another party liable to contribute or indemnify the party charged. I do not think it was intended that entirely unrelated claims should be tried in one action. I do not think the order was permissible, as it did not appear that the parties sought to be brought in by the plaintiffs would be liable, wholly or in part, for the claim against the other defendants in the action. The parties sought to be brought in were in nowise liable upon the plaintiffs' contract with George P. Ide & Co., Inc. I can see no reason why the defendant, appellant, Sea Island Mills, should be required to litigate its difficulties with the plaintiffs,

**720**                STERN *v.* IDE & CO., INC.

if any there be, in plaintiffs' action with George P. Ide & Co., Inc. There was nothing in common in the transactions between the plaintiffs and Ide & Co. and the plaintiffs and the defendant, appellant. Different contracts were made at different times, to be performed under different circumstances and concerning different matters. One of these contracts was for the purchase of goods in the unfinished state and the other contract was for the purchase of finished goods. No common questions of fact are to be determined in the action. The facts concerning the three contracts involved are separate, distinct and unrelated as to time, parties and subject-matter. No common question of fact is involved in the three transactions, and there is absolutely no force in the contention of the respondents that a complete determination of the various controversies between the various parties cannot be had without the presence of the defendant, appellant, and the copartners composing the Sayles Bleacheries.

The order sought to be vacated by the appellant was granted *ex parte* and so far as it applied to the defendant, appellant, was a nullity. The order sought to be vacated invaded substantial rights of the defendant, appellant. The order provided that the new defendants should be added and that service of the supplemental summonses and amended complaints should be made upon said defendants, and that the plaintiffs should not be required to serve any new notice of trial; that the cause of action should retain its original position on the calendar and proceed to trial in the regular order when reached. In short, the defendant, appellant, was brought into the action and forced to trial without any notice of the application for the order, without notice of trial or the filing of a note of issue. The trial of the cause was set down for a day certain before the summons was served upon the appellant and before issue was joined. Before the cause could properly be brought to trial as against the defendant, appellant, the plaintiffs were required to serve upon said defendant, appellant, a notice of trial and to file the usual note of issue. (*Pelzer* v. *Perry*, 203 App. Div. 58; *Davis* v. *Friedman*, 196 id. 926; *Haskin* v. *Murray, No. 1*, 29 id. 370, 374.)

Subsequently to the service of the notice of trial and of the supplemental summons upon the defendant, appellant, the defendant George P. Ide & Co., Inc., moved at Special Term to require a separate trial. Said motion was denied, the learned justice presiding at the Special Term at which said motion was heard holding that while the *ex parte* order bringing in the Sea Island Mills was clearly a nullity, nevertheless, to grant a separate trial would be to undo the order of another justice, and that the court

was disinclined to do. In denying said application the court suggested that application be made to the justice who granted the *ex parte* order to vacate the same.

I am also of the opinion that the amended complaint failed to state facts sufficient to constitute a cause of action against the defendant, appellant, the only allegation affecting said defendant, appellant, being that found in the 16th paragraph of the complaint: " That if the contention of the defendant George P. Ide & Co., Inc., is correct, then the other defendants are liable to the plaintiff herein therefor." The only possible construction of said allegation of the complaint is that if George P. Ide & Co., Inc., be not liable for goods sold and delivered, then either the defendant, appellant, Sea Island Mills, or the members of the firm known as the Sayles Bleacheries would be liable to the plaintiff for goods sold and delivered. Certainly there can be no liability on the part of the defendant, appellant, to the plaintiffs for goods sold and delivered or upon an account stated. The only possible liability would be for damages for breach of warranty, and there is no allegation of the complaint sufficient to constitute a cause of action therefor.

The order appealed from should be reversed, with ten dollars costs and disbursements, defendant, appellant's, application to vacate and set aside the order granted, and the complaint as against the Sea Island Mills dismissed, with ten dollars costs.

CLARKE, P. J., MARTIN and BURR, JJ., concur.

FINCH, J.:

I concur in the result reached upon the grounds that the complaint does not state a cause of action against the appellant; that plaintiff was guilty of laches, and could not deprive the appellant, who was made a party against its will, of its right to a notice of trial and note of issue.

If the aforesaid objections did not exist, however, I am of opinion that there is present a common question of fact which would permit a joinder of the causes of action under the provisions of sections 192, 211 and 212 of the Civil Practice Act. The most important question in the case is the condition of the goods in the unfinished state when they were purchased from the Sea Island Mills. If not according to sample, then the Sea Island Mills is at fault and the other defendants are absolved; if according to sample, and there was no fault in the process of bleaching, then the plaintiff is entitled to recover against Ide & Co., and the other defendants are absolved; if according to sample, and damaged in

46

the process of bleaching, then the defendants doing business under the name of Sayles Bleacheries are liable, and the other defendants are absolved.

There would seem to be no reason why a court of unlimited original jurisdiction should not have the power to compel a joinder at the request of a plaintiff, subject only to a defendant's showing that the exercise of this discretion will do injustice to him. If the provisions of the Civil Practice Act are not thus liberally construed, then two or more trials will result instead of one, with the attendant uncertainties, delay and expense. Under the Code of Civil Procedure practice the discretion of the judge was largely circumscribed by the strict provisions of the Code. It has been stated that where the English system put on the judges the least possible restraint, the Code system made imperative a compliance with rigid rules, and left them to exercise no more discretion than was absolutely necessary. (Hepburn Development of Code Pleading, etc., in 2 Select Essays in Anglo-American Legal History, 687.) The Civil Practice Act has attempted to approach more nearly the English system. As was said by CROUCH, J., in *Sherlock* v. *Manwaren* (208 App. Div. 538): " While the Civil Practice Act has not gone so far as the English rules, it is apparent that the Legislature, by the provisions of sections 96, 192, 193,* 209, 210, 211, 212 and 213, in connection with the revision and re-enactment of many other sections, has committed to the courts a wide discretion in the administration of litigated business. The various sections relating to joinder of parties and causes are permissive merely. The right to join and the right to consolidated trial are subject to the exercise by the court, in the interest of justice, of its discretionary powers. But the policy which dictated the greater liberality demands that the court shall not, by the use of those powers, prevent what the law permits unless it is clear that some substantial right is in jeopardy; and the burden of showing that rests upon the party objecting. For instance, see *Dexter Sulphite Pulp & Paper Co.* v. *Hearst, No. 1* (206 App. Div. 101); *Fisher* v. *Bullock* (204 id. 523); *Schechtman* v. *Salaway* (Id. 549); *Bossak* v. *National Surety Co.* (205 id. 707); *Brokaw* v. *Lage* (203 id. 155)."

In *Bossak* v. *National Surety Co.* (205 App. Div. 707) the court, in construing sections 211 and 212 of the Civil Practice Act, said: " Owing to the recent enactment of the Civil Practice Act, there have not been many decisions construing the sections involved. Said sections, however, were adopted from the English Practice Act (Rules of the Supreme Court, order 16, rules 4, 5), and have been the subject of many decisions of the courts of that

---

* Amd. by Laws of 1922, chap. 624, and Laws of 1923, chap. 250.— [REP.

country. It is the policy of the English courts to accord a liberal construction to the rules of this order, with a view to simplifying the practice and curtailing litigation. (*Payne* v. *British Time Recorder Co.*, L. R. [1921] 2 K. B. 1.) In the case last cited it was held that 'As a general rule where claims by or against different parties involve or may involve a common question of fact bearing sufficient importance in proportion to the rest of the action to render it desirable that the whole of the matters should be disposed of at the same time, the court will allow the joinder of plaintiffs or defendants, subject to its discretion as to how the action should be tried.' In that case a joinder of defendants was permitted, although the causes of action were distinct, and in fact predicated on obligations that were in no wise related one to the other. The facts are shown in the opinion of the court, which reads in part as follows: ' In the present case A. has entered into a contract with B. to supply him (A.) with certain goods according to sample, and has also entered into a contract with C. to sell the goods to be supplied to him by B. according to the same sample. C. now says that the goods supplied to him are not according to sample. B. says that they are according to sample. The first question of fact is whether the goods which have passed from B. through A. to C. are sold in each case on the same sample. That question would soon be disposed of at the trial. There is then the question common to both cases: Are the goods according to this sample or not? If the two present defendants were not joined the result would be that there would be two actions which would be set down to be heard together.' "

Order reversed, with ten dollars costs and disbursements, and motion to vacate order so far as it applies to appellant and to dismiss complaint as to it granted, with ten dollars costs.