NINA JACKSON, an Infant, by PEARL JACKSON, Her Guardian ad Litem, Plaintiff, *v.* LEONARD A. BICKELHAUPT and Another, Defendants.

Supreme Court, Jefferson County, January 29, 1927.

**Parties — additional party defendant — action for personal injuries suffered by plaintiff while passenger in automobile which collided with defendant's truck — order made owner of automobile party defendant, without notice to him — failure to give notice warrants vacation of order — plaintiff not precluded from making new motion on ground she testified in prior trial against driver of truck — plaintiff not penalized because her attorneys represented owner of automobile in that trial.**

An order, in an action to recover damages for personal injuries suffered by the plaintiff while a passenger in an automobile, bringing in the owner and driver of the automobile as an additional party defendant with the owner of the truck which collided with the automobile, must be vacated, where the motion upon which the order was made was without notice to the owner of the automobile; moreover, the plaintiff owed the court a duty in the first instance to bring in the owner of the automobile as party defendant or to give satisfactory excuse for failure to do so.

However, plaintiff may make a new motion, upon notice, for she is not estopped by her testimony in a prior action against the driver of the truck, since she was not a party to said action. Nor is she penalized by reason of the fact that her attorneys, who represented the owner of the automobile in said prior action against the driver of the truck, now seek to make said owner of the automobile liable, for she was not a party to the action in which they appeared in his behalf.

MOTION by defendant McAdam to vacate order of April 4, 1925, bringing in said McAdam as a party defendant, and to vacate the service upon him of the supplemental summons and amended complaint, etc.

*Breen & Reeves* [*George W. Reeves* of counsel], for the plaintiff.

*Purcell, Cullen & Pitcher* [*F. E. Cullen* of counsel], for the defendant McAdam.

*Cobb, Cosgrove & Kimball* [*D. M. Cosgrove* of counsel], for the defendant Bickelhaupt.

SMITH, J. On the 13th day of August, 1924, the defendant William A. McAdam was driving his automobile on the State highway running from Redwood, Jefferson county, to Hammond, St. Lawrence county, having as his guests this plaintiff, one Mary G. Lasher, and others; his automobile collided with a milk truck owned by the defendant Leonard A. Bickelhaupt and operated by his son, Hirschel Bickelhaupt; as a result of the collision Mary G. Lasher suffered injuries from which she died, the plaintiff in

this action was injured, and the automobile of the defendant William A. McAdam was damaged.

Thereafter the attorneys for the plaintiff herein brought in this court three actions against said Leonard A. Bickelhaupt to recover damages resulting from said collision — one by Mary A. Lasher, as administratrix, etc., of Mary Grovene Lasher; a second by said William A. McAdam, and a third by the plaintiff herein. The action brought in behalf of said William A. McAdam was commenced on or about the 20th day of September, 1924, and those on behalf of Mary A. Lasher, as administratrix, etc., and the plaintiff herein were commenced on or about the 11th day of October, 1924.

At the Jefferson county January, 1925, Trial Term of the Supreme Court the action brought by Mary A. Lasher, as administratrix, etc., against said Leonard A. Bickelhaupt was tried and the jury returned a verdict for the defendant Leonard A. Bickelhaupt of no cause of action; from the judgment entered thereon no appeal was taken.

After the determination of said action said attorneys for the plaintiff herein brought another action on behalf of Mary A. Lasher, as administratrix, etc., against William A. McAdam and Hirschel Bickelhaupt. The defendant Hirschel Bickelhaupt moved to dismiss the complaint as against him on the ground that the judgment in the former action brought by said plaintiff, Mary A. Lasher, as administratrix, etc., against Leonard A. Bickelhaupt was a bar to any action growing out of the same transaction brought against him. That motion was granted and an order made May 2, 1925, dismissing the complaint as against said Hirschel, which order was upon appeal affirmed by the Appellate Division, Fourth Department, May 12, 1926 (*Lasher* v. *Bickelhaupt,* 217 App. Div. 718).

On or about the 13th day of March, 1925, upon stipulation of the attorneys, the action brought by said defendant William A. McAdam against said Leonard A. Bickelhaupt was discontinued.

On the 4th of April, 1925, the plaintiff's attorneys herein made a motion to bring in said William A. McAdam as a party defendant in the instant action. This motion was made upon notice to the attorneys for the defendant Leonard A. Bickelhaupt, but without notice to the defendant William A. McAdam; and an order was granted bringing in said William A. McAdam as a party defendant in said action and allowing the issuance of a supplemental summons and amended complaint for such purpose.

The instant motion is made by said William A. McAdam to vacate said order of the 4th of April, 1925, and the service of the

supplemental summons and amended complaint in pursuance thereof, and was brought on by an order to show cause, returnable at a Special Term of the Supreme Court appointed to be held at the court house in the city of Utica on the 16th day of May, 1925, and, apparently by consent of counsel, came on for hearing at the Trial Term of the Supreme Court held at the court house in the city of Watertown commencing on the 3d day of January, 1926. No answer to the amended complaint has been served by the defendant William A. McAdam; and, pending the determination of this motion, the time in which to serve an answer is not running.

Section 193 of the Civil Practice Act provides (at subd. 2) as follows: " Where any party to an action shows that some third person, not then a party to the action, is or will be liable to such party wholly or in part for the claim made against such party in the action, the court, on the application of such party, may order such person to be brought in as a party to the action and direct that a supplemental summons and a pleading alleging the claim of such party against such person be served upon such person and that such person plead thereto * * *." Whether a party shall or shall not be brought in, under this section, is within the sound discretion of the court.

The plaintiff herein had in the first instance the right to bring an action against both of these defendants, and at the time the aforesaid order was granted no reason appeared why the plaintiff should not be permitted to do that which she could have done as a matter of right in the beginning; consequently the order was granted.

Section 192 of the Civil Practice Act provides: " New parties may be added or substituted and parties misjoined may be dropped by order of the court at any stage of the cause as the ends of justice may require."

So far as the defendant Leonard A. Bickelhaupt is concerned, the order was made upon notice, has not been appealed from, and he is bound by it. Whether he might properly make a motion under this section to vacate said order upon the discovery of facts warranting such action, which were not known to him at the time when the motion was made, is a question which it is not necessary to determine here. No such new facts are set up in any affidavit of said defendant Bickelhaupt herein. However, under this provision of the Civil Practice Act the court has wide discretion. (*Sherlock* v. *Manwaren*, 208 App. Div. 538.)

The defendant William A. McAdam, the order having been made without notice to him, properly makes this motion. (*Wichert* v. *Gallagher*, 201 N. Y. Supp. 186.)

This motion to vacate said order is made upon three grounds:

(1) That in obtaining the same the plaintiff did not show satisfactory excuse for her failure to make William A. McAdam a defendant in the original summons and complaint.

(2) That the plaintiff is estopped from making said defendant William A. McAdam a party hereto by the testimony of the said Nina Jackson and said Pearl Jackson, her guardian, upon the trial of the action aforesaid of Mary A. Lasher, as administratrix, etc., against Leonard A. Bickelhaupt.

(3) Upon the ground that it would be inequitable, unjust and unethical to permit the attorneys for the plaintiff to conduct the prosecution of this action against the defendant William A. McAdam, their former client, since said action grows out of the same occurrence.

The second ground of the motion is without merit. The plaintiff herein was not a party to the Lasher action, and, while the testimony of the plaintiff and her guardian in that action may be of force as bearing upon the weight to be given to any testimony which they may give to the contrary upon the trial of the instant action, the force of it would act as bearing upon the credibility of their testimony if taken in the instant case, rather than as an estoppel. (*Quinby* v. *Carhart*, 133 N. Y. 579.)

The third ground is not a proper ground for such a motion. The plaintiff herein should not be penalized by reason of the conduct of her attorneys in an action to which she was not a party, whether or not, from a standpoint of legal ethics, such conduct be subject to just criticism.

The first ground, however, has merit. The plaintiff owed a duty to the court, upon the application to bring in William A. McAdam as a party defendant, to give satisfactory excuse for her failure to do so in the first instance; and the said William A. McAdam is entitled to be heard upon that question and upon all the reasons assigned for bringing him in as a party defendant, and to assert reasons why he should not be joined as a party defendant with Leonard A. Bickelhaupt.

Upon careful consideration I am of the opinion that, in negligence actions, where an accident may have happened by reason of one or two separate acts of negligence, and where the defendants are charged with liability as several rather than joint tort feasors, no order bringing in a third party defendant should be granted excepting upon notice to him; and that, where he moves promptly and prior to appearing generally and answering, he should be granted an order to vacate any order bringing him in, which has been granted without notice to him; in other words, that the better practice,

before granting any such order, is to require notice. (*Testing Laboratories of New York, Inc.*, v. *Krainin*, 124 Misc. 667.) This seems obvious where there are so many reasons which may be urged in the interest of justice why there should not be a joinder of parties defendant. The motive to save expense and time of separate trials should never be permitted to control where injustice may be worked thereby. The opportunity and motive for collusion between a plaintiff in such an action and one of the defendants, in an effort to cast the blame for the accident upon another defendant, have not escaped the notice of the court.

The motion to vacate the order bringing in William A. McAdam as a party defendant and the service of the supplemental summons and amended complaint should in the interest of justice be granted, without prejudice, however, to the right of the plaintiff herein to make a new motion, upon notice, to bring in said William A. McAdam as a party defendant or to pursue any other remedy.

Ordered accordingly, with ten dollars costs to William A. McAdam.