GLOBE INDEMNITY COMPANY, Plaintiff, *v.* THOMAS MACDOUGAL and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, First District, December 14, 1928.

*Russell H. Kittel*, for the plaintiff.

*Ireland, Caverly & Hendrickson* [*Leo L. Walton* of counsel], appearing specially for the defendants Blowenstein and Blau for the purpose of moving to set aside the service of the summons.

LAUER, J. This is a motion to vacate an order of this court which directed the service of the notice of appearance, answer and counterclaim of the defendant MacDougal on the defendants

Herbert L. Blowenstein and Lucille Blau, which order further directed that the defendants Blowenstein and Blau be joined as parties defendants under sections 193 and 271 of the Civil Practice Act.

The order bringing in the defendants and permitting service upon them by substituted service heretofore made herein is attacked on three grounds. First. It is claimed that the order is made pursuant to section 193 of the Civil Practice Act and as such is defective because it was made *ex parte.* No notice of the application for this order appears to have been given. This point would be good did not the order also recite that it was made not only pursuant to section 193 of the Civil Practice Act but also under section 271 of the Civil Practice Act. Under section 193 of the Civil Practice Act it has been held that the order bringing in new defendants in negligence actions against several tort feasors should be granted only on notice. (*Jackson* v. *Bickelhaupt*, 128 Misc. 610, 613.)

Under section 271 of the Civil Practice Act, which covers the situation here presented for the bringing in of the defendants, notice to the defendants does not seem to be required. This section provides: " New parties set up in counterclaim. Where a defendant sets up any counterclaim which raises questions between himself and the plaintiff along with any other persons, he shall set forth the names of all the persons who, if such counterclaim were to be enforced by cross action, would be defendants to such cross action. Where any such person is not a party to the action he shall be summoned to appear by being served with a copy of the answer. A person not a party to the action who is so served with an answer becomes a defendant in the action as if he had been served with the summons."

It would thus appear that on the first ground on which the motion to vacate is made, while it would be insufficient under section 193 of the Civil Practice Act, nevertheless the order is sufficient under section 271 of the Civil Practice Act.

The second ground on which the motion to vacate is made is that there is no authority in the Civil Practice Act directing the service by substituted service of an answer, notice of appearance and counterclaim by a defendant on a codefendant.

Section 23 of the Municipal Court Code provides for " Substitutes for personal service of summons." The section contains provisions under which an order for substituted service of a summons may be made upon a defendant residing in the city of New York in a case where the place of sojourn of that defendant cannot be found or if he is within the city and avoids service so that personal

service cannot be made. It is true that this refers to the service of a summons, but if reference is made to the provisions of section 271 of the Civil Practice Act quoted above, it will be noted that it provides that the party brought in as a defendant " shall be *summoned* to appear by being served with a copy of the answer." That section then proceeds to provide that " a person not a party to the action who is served with an answer becomes a defendant in the action *as if he had been served with the summons.*"

A fair interpretation of the language of this section would seem to make the service on the defendant of a copy of the answer under the circumstances under which a defendant may be brought in pursuant to that section the equivalent of the service of a summons upon a defendant brought into court in the usual or ordinary manner.

I, therefore, conclude that in an action in the Municipal Court, the service of a copy of the answer served by one defendant upon another defendant pursuant to section 271 of the Civil Practice Act must be regarded as the equivalent of the service of a summons where a defendant is brought into court by a plaintiff.

The third basis of the motion to vacate, as it is specified in the moving papers, is that section 23 of the Municipal Court Code has not been complied with in that the provision of section 23 which relates to the time within which the service may be made and the papers filed has not been complied with. The provision of the section which is referred to is as follows: " The service must be made and the order and papers filed with the clerk within five days after the order is granted."

The moving papers set up that the motion was granted on November 5, 1928, probably taking that date from the date of the order. The defendant, in the affidavit submitted in opposition to this motion, while admitting that the date of the order was November fifth, claims that the motion was not granted until November tenth. The service was perfected on November fourteenth. Accepting the defendants' version of the time when the order was granted, service would seem to have been perfected in time. I do not think this ground for the vacation of the orders should be sustained.

Accordingly, the motion will be denied, with ten dollars costs to the defendant MacDougal against the defendants Blowenstein and Blau.