THEODORE URBAN, Plaintiff, *v.* PASQUALE BIFULCO, Defendant.

Supreme Court, Queens County, March 10, 1930.

*Walter D. Yankauer,* for the plaintiff.

*Nicholas Selvaggi,* for the defendant.

DIKE, J. The motion is by the defendant Bifulco, who seeks an order bringing in James Gade as an additional party defendant in this action and permitting the issuance and service of the supplemental summons and amended complaint prepared by defendant in the form of the supplemental summons and amended complaint hereto annexed to the motion papers. The notice of motion herein was made upon the *attorneys for the plaintiff* by the attorney for the defendant, Pasquale Bifulco, who was then the sole original defendant, also a copy of a supplemental summons and the amended complaint, wherein James Gade appears as the additional defendant with Bifulco in the supplemental summons and the proposed complaint. The attorneys for the plaintiff raise several objections to the practice, some of which are good. Section 193 of the Civil Practice Act is involved, and it discloses what I must regard as a peculiarly noticeable defect in said section. The controversy in my judgment is as to the correct procedure in the proposed change of parties defendant.

The attorneys for the plaintiff allege that the motion papers of the original defendant are defective, as they are addressed to the attorneys for the plaintiff and not to the defendant proposed to be brought in. No authorities are cited, and the objection is without merit. A motion of this kind by defendant seeking to bring in an additional party defendant under section 193 may be addressed to the attorneys for the plaintiff, but it is not, as has been assumed in the present case, the duty of a *defendant's attorney* to formulate a complaint for the plaintiff upon such service, and, therefore, the practice that has been followed by the defendant's attorney is wrong. The affidavit upon which the application is based is objected to, and the objection, it seems to me, is good, as it should be made by the defendant rather than the attorney,

or reasons given why it is not so made. There seems to be a lack of definite authority as to who should receive notice in a matter of this kind, which is obviously a preliminary step. My feeling is that all parties interested in this change should receive notice. . In the case of *Seaman* v. *Colon* (130 Misc. 568) the court said: " It may be that notice is necessary under subdivision 2 of section 193 of the Civil Practice Act," and this would sustain that procedure when the plaintiff is moving to bring in an additional party defendant. Notice by plaintiff should be given to *original* defendant and also to *proposed* defendant.

And in *Fisher* v. *Bullock* (204 App. Div. 523) the general power of the court to bring in additional parties is discussed.

The case of *Jackson* v. *Bickelhaupt* (128 Misc. 610) held that, where the motion upon which the order was made bringing in additional parties in an automobile accident was without notice to the owner of the automobile, such order would be vacated, and in that case the defendant sought to be brought in, not having been made with notice to him, made a motion to set aside and vacate the order bringing him in.

And in *Globe Indemnity Co.* v. *MacDougal* (133 Misc. 264) it is said: " Under section 193 of the Civil Practice Act it has been held that the order bringing in new defendants in negligence actions against several tort feasors should be granted only on notice," citing *Jackson* v. *Bickelhaupt* (*supra*).

My feeling from a perusal of these various cases is that all parties concerned should receive the notice of the intended change of parties, and in the instant case, therefore, the plaintiff should receive notice through his attorneys, as should also the party sought to be made additional party defendant. In that way all of the parties would be before the court, and it would save a multiplicity of motions, and under no conditions should any pleading as in the present case be submitted by one party for and on behalf of another party. The drawing of an amended pleading is essentially, and it seems to me obviously, the duty as well as the right of the attorney representing such parties in case change of parties is directed.

The present motion, therefore, is denied, with ten dollars costs, with the right to renew upon proper notice and affidavits.