BEN HARRIS and Another, Plaintiffs, *v.* JAMES L. SIMPSON and Another, Defendants.

Supreme Court, New York County, July 2, 1930.

*Lorenz, Stumpe & Lorenz,* for the plaintiffs.

*Stanley Arndt,* for the defendant Aaron Sapiro.

*W. Morton Carden,* for the defendant Frank C. Thomas.

*Fred R. Angevine,* for the defendant James L. Simpson.

LYDON, J. The plaintiffs bring this action for an accounting requiring the defendants in relation to the subject-matter of the action to pay over to the plaintiffs upon the completion of said accounting a sum of money claimed to be due to the plaintiffs, and to restrain during the pendency of the action the defendant Thomas from paying over any part of the money in his hands to the defendant James L. Simpson. The plaintiffs claim that in the month of November, 1929, they were stockbrokers, and that they had agreed with the defendant Simpson, a stockbroker, that, if they, the plaintiffs, would arrange to bring the defendant Simpson in contact with the owner of a block of certain stock constituting the controlling

interest of two investment trusts, the defendant Simpson would thereupon endeavor to procure a purchaser for such stock upon terms agreeable to the owner, and that, if a sale of said block of stock resulted, the commissions due upon such sale would be divided into three equal portions and divided among the plaintiffs and the defendant Simpson, share and share alike. The plaintiffs thereupon introduced defendant Simpson to and arranged for his meeting with William Harris, a brother of the plaintiff Ben Harris, who was the owner of approximately 19,900 shares of stock of Bank Stocks Corporation of Maryland and of Bancshares Corporation of the United States, in the stock of which corporations the said William Harris had a controlling interest. Plaintiffs allege that the defendant Simpson thereupon became joint adventurer in the sale of the stock belonging to William H. Harris; that on December 24, 1929, defendant Simpson succeeded in locating a suitable purchaser for said stock, he being the defendant Frank C. Thomas, who then and there agreed to purchase the stock upon terms agreeable to the owner, retaining from the purchase price the sum of $19,900 as brokerage commissions due thereon; that the defendant Frank C. Thomas paid $13,200 of this sum to the defendant James L. Simpson, and the defendant Thomas still retains $6,700 thereof, having been given notice by plaintiffs as to their claim. Plaintiffs allege that they have fully performed.

The defendant Thomas, being the purchaser of the stock, answered the complaint, and for a separate defense alleged that on or about the 24th day of December, 1929, he purchased from William Harris and Aaron Sapiro 19,900 shares of the aforesaid stock, said sale being evidenced by a written contract between Harris and Sapiro as sellers, and the defendant as buyer. This contract was dated December 24, 1929, and also provided that the defendant Thomas should retain the sum of $19,900 as brokerage commission out of the purchase price, and pay the same to the defendant Simpson as compensation for negotiating the transaction. He alleges also that prior to February 3, 1930, he paid the total sum of $14,276.67, leaving a balance of $5,623.33. He also alleges that notice of plaintiffs' claim had been received.

The defendant Simpson filed an answer denying on information and belief each and every allegation of the plaintiffs' complaint. Defendant Thomas moved this court for an order directing that one William Harris and Aaron Sapiro be made additional defendants in this action; that a supplemental summons be issued and served on said William Harris and Aaron Sapiro granting leave to said parties twenty days after service of the supplemental summons, together with an amended answer of the defendant Thomas, in which to

file their answer. On the same day plaintiffs made a motion to compel the defendant Thomas to pay into court the moneys which he had in his hands as commissions and not paid over to the defendant Simpson. Both of these motions appear to have been argued simultaneously. The motion of the plaintiffs was denied. On the motion of the defendant Thomas, notice of said motion was given to the defendant Simpson as well as to the plaintiffs' attorney. No notice was given to William Harris and/or Aaron Sapiro, the parties sought to be brought in. No opposing affidavits were submitted on the motion by plaintiffs or the defendant Simpson. In opposition, however, to the motion to compel the defendant Thomas to deposit in court, the motion of the defendant Thomas was listed as being in opposition to said motion. The motion for leave to bring in additional parties was granted, no opinion thereon being written by the court. The defendant Thomas seeks to bring in the additional parties upon the theory that the parties were guilty of fraud and misrepresentations concerning the 19,900 shares of stock which were purchased in accordance with the written agreement. The stock which the defendant Thomas purchased was fixed at fifteen dollars per share according to the contract. The contract provides as a part of the preamble: " Whereas the buyer herein (defendant Thomas), upon information given to him by said Harris is willing to purchase up to 20,000 shares of voting (Class B) stock from the Bancshares Corporation of the United States (hereinafter called 'bank shares') at the price and under the conditions hereinafter set forth."

The defendant then alleges the information alleged to have been given to him as an inducing cause to make the contract. This information concerns the financial standing of the companies, the subject of the contract. The defendant says that, relying on those representations and believing them to be true, he was induced to make the contract, wherein in truth and in fact said representations were false. He alleges also that Aaron Sapiro knew that the said representations were made by William Harris, and that the same were false, and with knowledge entered into the contract which is referred to herein.

The defendant seeks the sum of $292,876.67 as damages, although there is no allegation in the amended answer that the defendant has rescinded the contract, and in the prayer for relief the defendant seeks to rescind such contract and to recover back the sum of money mentioned which has been paid over to defendants Harris and Sapiro, and also seeks to recover back the sum of $14,276.67 paid to the defendant Simpson as commissions, and seeks to dismiss plaintiffs' complaint.

The defendant Aaron Sapiro moved for an order vacating, discharging and setting aside the order heretofore granted by this court bringing him in as a party defendant, so that the claim of the defendant Thomas may be litigated as between said defendant Thomas and the defendants Sapiro and Harris. The moving defendant Sapiro appears specially for the purposes of the motion. The motion is based solely upon the ground that, as no notice was given to him for leave to bring him in as a party, under section 193 of the Civil Practice Act, the order should be vacated since, as to him, it was *ex parte.* This motion was denied on the authority of *Wichert, Inc.,* v. *Gallagher & Ascher* (201 N. Y. Supp. 186, 187; affd., 206 App. Div. 756). The motion now before the court is for leave to reargue the previous motion, which was denied by order entered June 18, 1930.

The moving defendant was brought in by the defendant Thomas pursuant to section 193, subdivision 2, which provides: " Where any party to an action shows that some third person, not then a party to the action, is or will be liable to such party wholly or in part for the claim made against such party in the action, the court, on application of such party, may order such person to be brought in as a party to the action and direct that a supplemental summons and a pleading alleging the claim of such party against such person be served upon such person and that such person plead thereto, so that the claim of such moving party against such person may be determined in such action, which shall thereupon proceed against such person as a defendant therein to such judgment as may be proper."

There is no specific provision made in section 193 which prescribes the practice to be followed as to notice. Where plaintiff seeks to add a party under section 192 of the Civil Practice Act, notice to the party to be brought in need not be given (*Seaman* v. *Colon,* 130 Misc. 568; *Hennenlotter* v. *Norwich Union Fire Ins. Soc.,* 124 id. 626), but notice to the original defendants must be given (*Testing Laboratories of New York* v. *Krainin,* 124 Misc. 667). Section 193 of the Civil Practice Act was construed in *Wichert, Inc.,* v. *Gallagher & Ascher* (*supra*) at Special Term, where a motion was made by the Lehigh Valley Railroad Company either to vacate an order previously entered without notice, or, in the alternative, for judgment dismissing the complaint. The application to bring in the railroad company was made by the defendant Gallagher & Ascher, on the claim that the railroad " was or would ' be liable wholly or in part for the claim made against' them [Gallagher & Ascher]." Mr. Justice O'MALLEY in part said, with reference to the question of notice: " As the motion is for alternative relief, and since the moving party's appearance has not been specifically restricted, it must be con-

sidered as having appeared generally. Indeed, it does not otherwise contend, but bases its right to relief upon the ground that the order was unauthorized. I am of the opinion, however, that the moving party is not precluded from making its application to vacate the order. Jurisdiction over it was gained by service upon it of the order personally, and it thereby came before the court."

It would seem, therefore, that the question of notice was not clearly determined in that case, because the facts warranted a conclusion by the court that it had appeared generally, and the denial of the motion was, therefore, on the merits as to whether or not sufficient facts had been presented to justify the order bringing the railroad company in as a codefendant. In the instant case there is no general appearance, nor any conduct on the part of the movant which is inconsistent with his claim that the court has no jurisdiction to bring him in as a party defendant without notice. In *Stern* v. *Ide & Co., Inc.* (212 App. Div. 714), the Appellate Division had before it for review a case involving a question somewhat like the instant case. In that case the Sea Island Mills moved to vacate an order made at Special Term, Part I, so far as it applied to said party. The application was made by plaintiff to bring in parties under section 193 of the Civil Practice Act. The court, MERRELL, J., said in part (212 App. Div. 719): "I do not think section 193 of the Civil Practice Act was intended to permit a plaintiff to bring in as a party defendant any party who might ultimately be liable to the plaintiff in the event that the original defendant was successful in the defense of the action. * * * It seems to me that the real intent of the Legislature in enacting section 193 was to permit a party who is charged with some sort of liability to bring in another party liable to contribute or indemnify the party charged. I do not think it was intended that entirely unrelated claims should be tried in one action. I do not think the order was permissible, as it did not appear that the parties sought to be brought in by the plaintiffs would be liable, wholly or in part, for the claim against the other defendants in the action. * * * *"

At page 720 (212 App. Div.) the court further said: " The order sought to be vacated by the appellant was granted *ex parte*, and so far as it applied to the defendant, appellant, was a nullity."

The court then stated that the order invaded the substantial rights of the defendant, appellant, and it was pointed out what was done. The order was reversed and the complaint dismissed. As I read the facts of the case, I am inclined to the belief that, where the application is made by plaintiff, it came within the purview of section 192 of the Civil Practice Act, and not section 193, as in the instant case. The court not only passed upon the invalidity of the order

" because it invaded substantial rights of the defendant," but also considered the merits and dismissed the complaint as to the moving defendant. I do not, therefore, consider the case as one in point. In *Travlos* v. *Commercial Union of America, Inc.* (217 App. Div. 352), an application was made by M. Morgenthau, Jr., Company to dismiss as to it the second amended answer of the defendant Commercial Union of America, Inc., and the claim against the appellant therein contained, and again the court did not consider the question of the validity of the order obtained *ex parte* as to the movant because of the motion made to dismiss and general appearance. So that at the present time there is no case which holds that as a matter of procedure notice should be given to a proposed defendant brought in under section 193, subdivision 2, by a codefendant. It is not directly required by the statute, and I do not believe that any notice was intended, except to those parties who appeared in the action at the time the motion was made.

If it was the intention of the Legislature to require notice to be given to prospective parties defendant, it would have been an easy matter to so provide. In my opinion, where a defendant seeks to bring in a codefendant, as in the instant case, it would put the defendant at a disadvantage in the service of process, in the event on such a motion, on notice to the prospective party, such leave be granted. I do not question the right of the movant here to seek to vacate the order on the facts presented on the original motion and to treat such order *ex parte* as to him, or to urge that he is not a proper party, but such relief is not sought here, but merely that, as the proposed party did not receive notice, the order is, therefore, void. I have not passed upon the merits as to whether the defendant is or is not a proper or necessary party or that the cause of action sought to be litigated by the defendant Thomas is one which can be tried out in this action. I merely hold that, in my opinion, under section 193 of the Civil Practice Act, no notice is required to be given by a defendant to a prospective defendant. The motion is denied without prejudice to a motion by the moving party to attack the sufficiency of the facts upon which the order was granted or after a general appearance to attack the sufficiency of the pleading under the rules.

Motion for reargument is granted, and upon such reargument the original decision is adhered to.