HERMAN H. HESSOL, Plaintiff, *v.* LESTER HATHAWAY and Another, etc., VILLAGE OF SARANAC LAKE and Others, etc., and COUNTY OF FRANKLIN, Defendants.

County Court, Franklin County, October 25, 1941.

*Albert & Kirsch*, for the plaintiff.

*Clifford W. McCormick*, for the defendant Village of Saranac Lake, N. Y.

*Ralph R. Levy*, for the defendant County of Franklin.

CAREY, J.   This action was instituted by the plaintiff for the foreclosure of certain tax liens which were among several sold to the plaintiff by the village of Saranac Lake, by a resolution of the village board adopted on February 20, 1941.

The defendant County of Franklin served an answer to the complaint, wherein among other things it denied that its lien was subordinate to that of the plaintiff and alleged that the assessments and levies of taxes made in the village of Saranac Lake, and referred to in the complaint, were null and void; that the tax sales on which the action is predicated are null and void; that the tax certificates sold to the plaintiff were illegally made; that no notice to redeem had ever been served; that the tax certificates have never been properly recorded; that the tax certificates are illegal and void, and further alleged that the county of Franklin by virtue of a county tax sale acquired an interest or lien in the premises in question, which lien is prior and superior to the village tax liens upon which plaintiff bases his action.

In the original complaint it was alleged that the village of Saranac Lake was made a party defendant solely "for the purpose of barring it from the right to collect the tax for which the tax certificate under foreclosure was sold."

The plaintiff now has made a motion requesting leave to issue and serve a supplemental complaint upon the defendant village, in which it is requested that the tax lien referred to in the original complaint be foreclosed and in addition asks for relief in the alternative as against the village of Saranac Lake, as follows: "Or, if the alleged tax certificates or assignments thereof be alleged to be null and void that the plaintiff be given judgment against the defendant Village of Saranac Lake for the amounts paid by the plaintiff for the tax certificates referred to herein together with interest thereon as provided by law, and the costs and disbursements of this action."

The plaintiff relies upon subdivision 1 of section 193 and sections 245-a, 211, 258 and 96 of the Civil Practice Act. Subdivision 1 of section 193 provides as follows: "The court may determine the controversy as between the parties before it where it can do so without prejudice to the rights of others or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties the court must direct them to be brought in." This is the only section relied upon which is not discretionary. However, by a reading of the statute this section should be invoked only where it is necessary in order to make a complete determination of the controversy. A complete determination has been defined as, "Where there are persons not parties whose rights must be ascertained and settled, before the rights of the parties to the suit can be determined." (*Chapman* v. *Forbes*, 123 N. Y. 532.) The controversy between the plaintiff and defendant county is not such a one as would seem to fall under the definition given for there could be a complete determination of their controversy, and should the plaintiff be unsuccessful he would have the right subject to statute to make a claim against the defendant village. The situation here is not unlike that in *Stern* v. *Ide & Co., Inc.* (212 App. Div. 714), although there the relief was requested under subdivision 2 of section 193 of the Civil Practice Act. In the case cited the court said: "I do not think section 193 of the Civil Practice Act was intended to permit a plaintiff to bring in as a party defendant any party who might ultimately be liable to the plaintiff in the event that the original defendant was successful in the defense of the action. I certainly do not believe that it was the intent of the Legislature by said section of the Civil Practice Act to permit plaintiffs to bring in as

a party defendant one against whom plaintiff might have another and distinct cause of action of an entirely different nature and which would be governed by entirely different rules."

Plaintiff also relies upon sections 245-a, 211 and 258. Section 245-a provides: " Upon application by a party the court may * * * permit the party to serve a supplemental pleading alleging any new and additional cause or causes of action * * *." Section 211 refers to joinder of defendants, and section 258 refers to joinder of causes of action. The relief requested by the plaintiff under these sections then since the action was commenced is within the court's discretion and as stated in volume 3 of Wait's New York Practice ([4th ed.] p. 64), " It may almost be stated as a matter of positive rule that where different causes of actions against different defendants are stated in the one complaint there will be a severance or separate trials as to the defendants who have no interest in any cause of action but one." In the proposed amended supplemental complaint each of the defendants would be interested *directly* only in one cause of action and so it would seem to fall within the rule enunciated in Wait's Practice.

The questions at issue in the two causes of action as contained in the supplemental complaint are entirely different — different as to relief requested — different as to parties, and also in one the questions might be passed upon by a jury while in the other the questions would be determined by the court without a jury. The effect of granting plaintiff's motion would be to compel the defendant village to prosecute the plaintiff's claim against the defendant county, and by reason of the different issues and possible different processes of trial procedure, such a joinder of the causes, or of the parties, would complicate the issue and might prove to be of expense to the defendant village. In the event of plaintiff's success against the defendant county, the village would be an entirely unnecessary party. In other words, should the plaintiff succeed as against the defendant county the cause of action against the village would necessarily fail, whereas should the plaintiff be unsuccessful against the defendant county, he can, nevertheless, have his remedy as provided by statute.

It seems then that under subdivision 1 of section 193 of the Civil Practice Act this is not a case wherein the court must bring in another party so as to obtain a complete determination of the controversy. Likewise, it seems that this is an instance wherein the court, in the exercise of its discretion, should not allow the joinder of the parties or of the causes of action requested, but should, had they been joined in the first instance, direct a severance thereof.

There appears to be a third reason why plaintiff's motion should be denied, and that is by section 341-b of the Village Law it is provided: " Except as provided in sections one hundred and fifty-nine, three hundred and forty-one and three hundred and forty-one-a of this chapter, no action shall be maintained against the village upon or arising out of a contract of the village unless the same shall be commenced within eighteen months after the cause of action therefor shall have accrued, nor unless a written verified claim shall have been filed with the village clerk within one year after the cause of action shall have accrued, and no other action shall be maintained against the village unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless a written verified claim stating the time when and the place where such claim arose and in detail the nature of the same, and of the items of damage alleged or claimed to have been sustained, together with a written notice of intention to sue the village shall have been filed with the village clerk within six months after the cause of action shall have accrued. The omission to present a claim or to commence an action thereon within the respective periods of time above stated applicable to such claim, shall be a bar to any claim or action therefor against said village; but no action shall be brought upon any such claim until forty days have elapsed after the filing of the claim in the office of the village clerk."

None of the exceptions referred to in said section applies to a refund of the purchase price of the tax certificate and it has been held that the failure to allege that a claim was filed with the village clerk in compliance with this section constitutes a failure to state a cause of action. (See *Schenker* v. *Village of Liberty*, 261 App. Div. 54.)

In accordance with the foregoing, plaintiff's motion to serve a supplemental complaint is denied, with motion costs of ten dollars to the defendant village.

Submit order accordingly.